## GUDGER v. WESTERN N. C. R. Co. and others.

*(Circuit Court, W. D. North Carolina. Spring Term, 1884.)*

1. **PLEADING AND PRACTICE—COMMON-LAW FORMS OF ACTION—NORTH CAROLINA.**

    Although the old forms of actions at common law have been abolished by the constitution and statutes of North Carolina, and a civil action substituted as a remedy, in all cases at law and in equity the old distinctions must be kept in view in giving redress.

2. **SAME—ACTION AGAINST CORPORATION—EQUITABLE RIGHTS OF PRIVATE PERSONS IN CORPORATE PROPERTY.**

    The *gravamen* of the action being a tort alleged to have been committed by the defendant corporation alone, the action is properly brought, and can be maintained against the corporation without the joinder of private individuals who claim to be the equitable owners of the property held and employed by the corporation. Such individuals might be made liable by way of adoption and ratification of the wrong done by their agents, but they are not necessary parties to this action.

3. **REMOVAL OF CAUSE—NON-RESIDENT DEFENDANT BY CONSENT.**

    Whether, after action brought in a state court, (the necessary parties being residents of the same state,) a non-resident—admitted by consent as a defendant—can have a removal to a federal court, *quære*.

4. **SAME—DISTINCT CAUSE OF ACTION.**

    To entitle a party to a removal, under section 2 of the act of March 3, 1875, c. 137, there must exist a distinct cause of action in the suit, in respect to which all the necessary parties on one side are citizens of different states from those on the other.

5. **SAME—SEPARATE CONTROVERSY ACT OF MARCH 3, 1875, CH. 137.**

    The word "controversy" is employed in the statute, March 3, 1875, c. 137, and a "separate controversy" is not identical in signification with a "separable cause of action." There may be separate remedies against several parties for the same cause of action, but there is only one subject-matter involved. Separate controversies, within the meaning of the statute, are separate causes of action, either of which might be sued on alone.

6. **SAME—REMEDIES—SEPARATE DEFENDANTS.**

    When a person has been injured by the tortious acts of several parties, he has for the injuries sustained one cause of action against all; but he may seek his remedy by suing any or all the wrong-doers. If, in an action against *one*, he has judgment, he cannot afterwards prosecute a joint action, because the prior judgment is, in contemplation of law, an election on his part to pursue his several remedy.

7. **SAME—ACTION AT LAW—EQUITABLE RIGHT—MATERIALITY.**

    To constitute a controversy in an action at law there must be allegations on one side and denials on the other, making an issue either in fact or in law. An equitable right claimed by an individual in the property of the corporation sued is not material when that property is not the subject-matter in controversy at law.

8. **SAME—PRACTICE IN NORTH CAROLINA—CIVIL ACTIONS—LAW AND EQUITY—PRACTICE IN UNITED STATES COURTS.**

    According to the liberal mode of proceeding in civil actions in North Carolina parties may assert equitable rights and have them enforced in the same action; but this is not allowable in the federal courts, where legal and equitable causes of action and defense cannot be blended.

9. **SAME—ELECTION BY PLAINTIFF AS TO DEFENDANT—SUBSEQUENT DEFENDANTS.**

    Election of remedy is a right which the law gives a plaintiff in action of tort, and this right cannot properly be embarrassed by subsequently made defendants raising new and independent issues in the pleadings.

Motion to Remand Case Removed from the State Court.

*J. M. Gudger* and *J. H. Merrimon*, for plaintiff.

*Henry & Cummings, M. E. Carter*, and *D. Schenck*, for defendants.

DICK, J.   In the complaint filed in the state court the plaintiff alleges that the Western North Carolina Railroad Company is a corporation duly constituted and organized under the laws of this state, and by virtue of such laws was authorized and empowered to survey, locate, extend, build, and complete a railroad through the counties of Buncombe and Madison to the Tennessee line, near or at Paint Rock; that in the exercise of such powers and in surveying the track of said railroad through the main street in the town of Marshall, in Madison county, (without the consent of said town,) it wrongfully, carelessly, and negligently placed and fixed firmly in the ground in said street a wooden stake, against which the plaintiff accidentally struck his foot, whereby he was thrown to the ground and the bone of his right thigh was broken; and by reason of said injury he has been damaged $10,000, and he is entitled to recover said sum from the railroad company defendant.

The substance of the complaint thus briefly stated shows that the civil action brought originally against the defendant corporation is in the nature of an action of *trespass on the case* at common law. Although the old forms of action at common law have been abolished by the constitution and statutes of this state, and a civil action substituted as a remedy in all cases at law and in equity, the old distinctions must always be kept in view in giving redress. As the *gravamen* of this action is a *tort* alleged to have been committed by the defendant corporation alone, the action was properly brought and could have been maintained against the corporation without the joinder of A. S. Buford, T. M. Logan, and W. P. Clyde, the other defendants, who claim to be the equitable owners of the property held and employed by the corporation. It may be that, as the act complained of was done in the interests of the owners of the property, and for their use and benefit in carrying out their purposes in constructing the railroad, they might be made liable by way of adoption and ratification of the wrong done by their agents; but they are not necessary parties to this action.

The record of the case shows no order of the state court allowing or directing the individual defendants to be made parties, but it is conceded by the counsel of plaintiffs that, by consent, they were allowed to become parties, and they filed an answer setting up their equitable rights of property at a term of the court subsequent to the commencement of the action. When admitted as parties the individual defendants filed a petition to remove the case in this court under the second clause of the second section of the act of March 3, 1875.

In *Gibson* v. *Bruce*, 108 U. S. 561, S. C. 2 Sup. Ct. Rep. 873, the supreme court decided that "a suit cannot be removed from a state court, under the act of 1875, unless the requisite citizenship of the

parties exists, both when the suit was begun and when the petition of removal was filed."

It is insisted by the counsel of defendants that this rule cannot apply to a case like the one before us, where persons who were non-resident citizens at the time of the commencement of the action, and who were then interested in the asserting of property held by the defendant corporation, and who have been admitted as parties at a subsequent term for the purpose of protecting their rights. · I was much impressed with the plausibility and force of the views of the counsel upon this subject, but it is not necessary for me to decide the question, as there is another question involved in the case upon which the judge in the state court decided correctly in refusing to grant an order of removal to this court. From this decision an appeal was taken to the state supreme court, where it was affirmed, and I concur in the legal principles announced. *Gudger* v. *W. N. C. R. R.* 87 N. C. 325.

In construing the second clause of the second section of the act of 1875, Chief Justice WAITE, in speaking for the supreme court, said, in *Hyde* v. *Ruble*, 104 U. S. 407:

"To entitle a party to a removal under this clause there must exist in the suit a separate and distinct cause of action, in respect to which all the necessary parties on one side are citizens of different states from those on the other."

Referring to the case of *Barney* v. *Latham*, 103 U. S. 205, he further said:

"When two such causes of action are found united in one suit, we held, in the case last cited, there could be a removal of the whole suit on the petition of one or more of the plaintiffs or defendants interested in the controversy, which, if it had been sued on alone, would be removable. But that, we think, does not meet the requirements of this case. This suit presents but a single cause of action; that is to say, a single controversy. The issues made by the pleadings do not create separate controversies, but only show the questions which are in dispute between the parties as to their one controversy."

The word "controversy" is employed in the statute, and a *separate controversy* is not identical in signification with a *separable cause of action.* There may be separate remedies against several parties for the same cause of action, but there is only one subject-matter of controversy involved. Where there are separate and distinct causes of action in the same suit, either of which might have been sued on alone, then there are separate controversies within the meaning of the statute. *Boyd* v. *Gill*, 19 FED. REP. 145, and cases cited.

In the case before us the plaintiff alleges but one cause of action, and sues only the corporation defendant. The other defendants subsequently became parties defendant by consent, and in answer to the allegations against their co-defendants they say that they have no knowledge or information sufficient to form a belief.

When a person has been injured by the joint tortious acts of several

parties, he has, for the injury sustained, one cause of action against all; but he may seek his remedy by suing any or all of the wrong-doers. If he sues each one separately, the same subject-matter of controversy is involved in all the actions, and he can have but one satisfaction for the same injury. If he sues any one of them separately, and has judgment, he cannot afterwards seek his remedy in a joint action, because the prior judgment against one is, in contemplation of law, an election on his part to pursue his several remedy. *Sessions* v. *Johnson,* 95 U. S. 347. This election of remedy is a right which the law gives to a plaintiff in actions of tort, and in the case before us he elected to pursue a several remedy against the corporation defendant, and this right cannot properly be embarrassed by subsequently made defendants raising new and independent issues in the pleadings. The plaintiff alleges no cause of action against the individual defendants, and in their answer they do not admit any participation in or liability for the wrong alleged against their co-defendant. If the cause was separated as to the defendants, there would be no complaint as against the individual defendants, and consequently no issues could be made. To constitute a *controversy* in an action at law there must be an allegation on one side and a denial on the other, making an issue of fact or an issue of law.

The individual defendants claim an equitable right in the property held and employed by the railroad company, which is not the subject-matter in controversy in this action at law, and cannot in any way be material unless the plaintiff obtains judgment and seeks to have the same satisfied out of the property claimed by the individual defendants.

Under the liberal and convenient mode of procedure in civil actions in this state, parties may assert equitable rights and have them adjusted, protected, and enforced by the court in the same action; but this is not allowable in the federal courts, where legal and equitable causes of action and defense cannot be blended. *Hurt* v. *Hollingsworth,* 100 U. S. 100. If the cause before us was, in other respects, properly in this court, the defendants in the action at law could not in this manner avail themselves of the equities set up in their answer, which is in the nature of a cross-suit or cross-bill for injunctive relief.

As this case falls clearly within the rule stated in *Hyde* v. *Ruble,* *supra,* and adhered to in *Winchester* v. *Loud,* 108 U. S. 130, S. C. 2 Sup. Ct. Rep. 311, the motion to remand is allowed, with costs against petitioners, and the proper order may be drawn.