## PUTNAM & Another *v.* INGRAHAM.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF CONNECTICUT.

Submitted March 2, 1885.—Decided March 23, 1885.

*Louisville & Nashville Railroad Co.* v. *Ide, ante,* 52, affirmed.

This was a writ of error for the review of an order of the Circuit Court remanding a suit to a State court. The suit was brought in the Superior Court of the County of Hartford, Connecticut, by George E. Ingraham, the defendant in error, a citizen of Connecticut, against N. D. Putnam and Henry Earle, citizens of New York, and W. G. Morgan, a citizen of Connecticut, as partners in business under the name of Putnam, Earle & Co., to recover a balance claimed to be due from the partnership on an account for money lent, paid out and expended, and upon a note of $5,000 made by W. G. Morgan to the order of Putnam, Earle & Co., and by the firm indorsed to Ingraham. The complaint contained simply the common counts, but a bill of particulars subsequently filed disclosed the true nature of the claim to be the note, and an account for the purchase and sale of stocks beginning August 17, 1883, and ending February 29, 1884.

The defendants, Putnam and Earle, filed a separate answer, which contained—1. A general denial of all the allegations in the complaint; 2. An averment as to the account, that the alleged loans were all made to the defendant Morgan for his individual and private use, and not to the firm; 3. An averment as to the note, that it was given for money loaned to W.

G. Morgan alone for his individual use, and not to the firm, and that it was indorsed by Morgan in the name of the firm by collusion between him and Ingraham, and with intent to defraud Putnam and Earle; and, 4. A statement that the partnership of Putnam, Earle & Co. was not formed until January 2, 1884, and that all the transactions in the bill of particulars before that date took place, if at all, between the plaintiff and William G. Morgan, who, during the years 1882 and 1883, was only the agent of Putnam and Earle, and not a partner with them, and that as to none of the items in the bill, dated in the year 1883, were they under any joint liability with Morgan as partners.

Morgan never answered the complaint, and as to him the case stood on default. After filing their answer the defendants, Putnam and Earle, presented a petition to the Superior Court for the removal of the suit to the Circuit Court of the United States for the District of Connecticut. The material part of this petition, aside from a statement of the citizenship of the parties, was as follows:

"And your petitioners further say, that in the suit above mentioned there is a controversy which is wholly between citizens of different States, and which can be fully determined between them, to wit, a controversy between the present petitioners, N. D. Putnam and Henry Earle, and the said George E. Ingraham and William G. Morgan, as by the pleadings in said cause will more fully appear."

Upon the presentation of this petition the Superior Court declined to enter an order for the removal of the cause. Thereupon the petitioners entered a copy of the record in the Circuit Court of the United States. This being done, the plaintiff Ingraham moved that court to remand the suit, and the motion was granted. To reverse an order to that effect this writ of error was brought.

*Mr. Lewis E. Stanton*, *Mr. Herbert E. Dickson*, and *Mr. Edward W. Bell* for plaintiffs in error.

*Mr. Charles E. Perkins* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court. After stating the facts as above recited, he continued:

We are unable to distinguish this case materially from that of *The Louisville & Nashville Railroad Co.* v. *Ide,* just decided. The suit is brought against all the defendants jointly to recover upon what are alleged to be their joint promises and undertakings. The defendants, who are not citizens of Connecticut, have filed a separate answer in which they deny their liability altogether, and claim besides that, if liable at all on part of the account sued for, it is not jointly with the defendant Morgan. This is their separate defence to the joint suit which Ingraham has elected to bring against them and Morgan upon what he claims to be the joint contracts of all the defendants.

In Connecticut, as in New York, "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants," and in addition to this the court may, in Connecticut, "determine the ultimate rights of the parties on each side as between themselves and grant to the defendant any affirmative relief he may be entitled to." But this, as we have said in the case just decided, does not make a joint contract several, nor divide a joint suit into separate parts. The suit is still one and indivisible for the purposes of removal.

The fact that Morgan has not answered but is in default is unimportant. The suit is still on joint causes of action, and the plaintiff, if he sustains the allegations of his complaint at the trial, will be entitled to a joint judgment against all the defendants. The default places the parties in no different position with reference to a removal than they would occupy if Morgan had answered and set up an entirely different defence from that of the other defendants. A separate controversy is not introduced into the case by separate defences to the same cause of action.

As the petitioning defendants have asked no affirmative relief either against the plaintiff or their co-defendant, no question can arise under the rule of practice in Connecticut which allows the court to determine the ultimate rights of the parties on each

side as between themselves.    In the present case the only con-
troversy is as to the right of the plaintiff to recover against the
defendants.

The order to remand is

*Affirmed.*