## PIRIE & Others *v.* TVEDT & Another.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MINNESOTA.

Submitted April 24, 1885.—Decided May 4, 1885.

The filing of separate answers, tendering separate issues for trial by several defendants sued jointly in a State court, on a joint cause of action in tort, does not divide the suit into separate controversies so as to make it removable into the Circuit Courts, under the second clause of § 2, act of March 3, 1875.

*Louisville & Nashville Railroad Co.* v. *Ide,* 114 U. S. 52, where a like decision was made as to actions *ex-contractu,* affirmed and applied.

This was an action in tort commenced in a State court against several defendants on a joint cause of action; removed to the Circuit Court as a separable controversy after filing of separate answers, and thence remanded to the State court. This writ of error was brought to review this judgment of the Circuit Court. The facts are stated in the opinion of the court.

*Mr. Gordon E. Cole* for plaintiffs in error.

No brief filed for defendants in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error brought under § 5 of the act of March 3, 1875, ch. 137, 18 Stat. 470, for the review of an order of the Circuit Court remanding a cause which had been removed from a State court. The suit was brought by Tvedt Brothers, citizens of Minnesota, against Carson, Pirie, Scott & Co., citizens of Illinois, and Owen J. Wood and Theodore S. Stiles citizens of Minnesota, to recover damages for a malicious prosecution, it being averred in the complaint that " the said defendants, confederating together, and with a malicious and unlawful design and intent had and entertained by them, and each of them, to injure, oppress, and harass these plaintiffs, and to break them up in business, wrongfully, maliciously, un-

lawfully, and without any reason, or provocation, or probable cause, caused a certain action to be commenced against these plaintiffs, in which said Carson, Pirie, Scott & Co. were plaintiffs, for the pretended recovery of money, . . and then and there wrongfully, unlawfully, and maliciously, and with the aforesaid intent so had and entertained by each and all of said defendants, wickedly and maliciously conspired together, and without probable cause, caused to be issued . . a writ of attachment upon the stock of goods, wares, and merchandise of these plaintiffs; . . that, under said writ of attachment, and by direct instruction of the defendants, the sheriff of said county levied the same upon the stock of goods and closed up the store, and stopped and broke up the business of these plaintiffs." The defendants, Wood & Stiles, answered separately from their co-defendants, denying all malice and conspiracy, and saying that they, as attorneys-at-law, and acting for and under the instructions of Carson, Pirie, Scott & Co., brought the action and sued out the attachment in good faith, and not otherwise. The other defendants also filed a separate answer, admitting that they caused the action to be brought and the attachment to be issued, and that the attachment had been vacated, though the action itself was still pending and undisposed of.

Upon these pleadings Carson, Pirie, Scott & Co. filed a petition under the second clause of § 2 of the act of 1875, for the removal of the cause to the Circuit Court of the United States, on the ground that as the action was in tort and therefore in its nature severable, there was in it " a controversy which is wholly between citizens of different States, to wit, between the plaintiffs and Pirie, Scott & M'Leish, . . and that said controversy can be fully determined as between them."

After the case got into the Circuit Court on this petition, it was remanded because there was but one controversy in the suit, and that between the plaintiffs, citizens of Minnesota, on one side, and all the defendants, citizens of Minnesota and Illinois, on the other. This ruling is the only error assigned.

It has been decided at this term in *Louisville & Nashville Railroad Co.* v. *Ide*, 114 U. S., 52, that, in a suit on a contract

brought by a citizen of one State against a citizen of the same State and a citizen of another State, there was no such separate controversy as would entitle the citizen of the other State to remove the cause, even though he answered separately from his co-defendant setting up a separate defence, and the statutes regulating the practice, pleadings, and forms and modes of proceedings in the State where the suit was brought, allowed judgments to be given in actions *ex contractu* for one or more plaintiffs and for one or more defendants. In that case it was said : " A defendant has no right to say that an action shall be several, which a plaintiff elects to make joint. *Smith* v. *Rines*, 2 Sumner, 348. A separate defence may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings. Here it is certain joint contracts entered into by all the defendants for the transportation of property. On the one side of the controversy upon that cause of action is the plaintiff, and on the other all the defendants."

We are unable to distinguish this case in principle from that. There is here, according to the complaint, but a single cause of action, and that is the alleged malicious prosecution of the plaintiffs by all the defendants acting in concert. The cause of action is several as well as joint, and the plaintiffs might have sued each defendant separately, or all jointly. It was for the plaintiffs to elect which course to pursue. They did elect to proceed against all jointly, and to this the defendants are not permitted to object. The fact that a judgment in the action may be rendered against a part of the defendants only, does not divide a joint action in tort into separate parts any more than it does a joint action on contract.

The order remanding the cause is                    *Affirmed.*


MR. JUSTICE HARLAN, with whom concurred MR. JUSTICE WOODS, dissenting.

MR. JUSTICE WOODS and myself dissent from the opinion and

judgment in this case.  Although the action is, in form, against all of the defendants jointly, it is, practically, a separate one against each defendant; for, it is conceded, that, by the laws of Minnesota, it would not be wholly defeated if the plaintiffs failed to establish a cause of action against all of the defendants.  They would be entitled to judgment against the defendant or defendants against whom a case was made.  Had the suit been only against the defendants who are citizens of Illinois, as it might have been, the right of the latter to remove it into the Circuit Court of the United States would not be questioned.  But it seems by the present decision, that their right of removal has been defeated by the act of the plaintiffs in uniting with them, as defendants, citizens of Minnesota, against whom, as is conceded, it was not necessary to introduce any evidence whatever in order to entitle the plaintiffs to a judgment against the other defendants.  As in most, if not in all, the States, the local statutes dispense with the verification of pleadings in actions of tort, this convenient device will be often employed.  When, for instance, a citizen of New York has a cause of action, sounding in damages, against a citizen of New Jersey, who happens to go within the jurisdiction of the former State, the plaintiff can join a citizen of New York as a co-defendant, charging them jointly with liability to him for damages claimed.  And when the citizen of New Jersey asks a removal of the suit to the Federal court, he is met with the suggestion that it is for the plaintiff, in his discretion, to sue him separately, or jointly with others.  Upon his application to remove the cause, the State court may not institute a preliminary inquiry as to whether the plaintiff had, in fact, a cause of action against the defendant citizen of New York.  It is not for that court, in advance, to determine the good faith of the plaintiff in making a citizen of New York a co-defendant with the citizen of New Jersey.  The removal statutes make no provision for such an inquiry, and the State court, by the decision just rendered, must look alone to the cause of action as set out in the petition or complaint.  When, in the case supposed, the evidence is concluded, and it appears that there is, in fact, no cause of action against the de-

fendant citizen of New York, it is too late for the removal to occur; for it must be had, if at all, before the suit could be tried in the State court. It seems to us that where the plaintiff, in a suit against several defendants in tort, is not required to prove a joint cause of action against all of them, but may have judgment as to those against whom he makes a case, there is, within the meaning of the act of Congress, a controversy in the suit, which is wholly between the plaintiff and each defendant, and finally determinable, as between them, without the presence of the other defendants as parties in the cause. The suit, therefore, belongs to the class which, under the act of 1875, may be removed into the Federal court. The decision in this case, it seems to us, restricts the right of removal, under the act of 1875, by citizens of States, other than that in which the suit is brought, within much narrower limits than those established by previous legislation; and this, notwithstanding it was intended by that act to enlarge the right of removal, especially in respect to controversies between citizens of different States.