SEXTON v. SEELYE et al.

(Circuit Court, E. D. Missouri, E. D. September 25, 1889.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

A petition showed that plaintiff was the owner of certain bonds, of which the defendant S. had wrongfully obtained possession; that S. had recovered a judgment for their amount, and collected a portion of it; he assigned it to C., who obtained a judgment for the amount still unpaid, with an order charging it on certain lands; that the assignment from S. to C. was made with the intent to defraud the creditors of S., and that C. recovered the judgment in trust for S.; and prayed that the title of the second judgment might be divested out of S. and C. and vested in plaintiff, and for an accounting for the sums collected on the two judgments. *Held*, that the petition disclosed but a single cause of action against both defendants, and that the cause was not removable on the ground of a separable controversy.

On Motion to Remand.

*Lee & Ellis*, for complainant.

*George H. Shields* and *Eleneious Smith*, for defendants.

THAYER, J. This case was removed from the state court by defendant Chouteau, on the ground that as between himself and Sexton, the plaintiff, there is a separate controversy which is wholly between citizens of different states, and there is a motion by plaintiff to remand. It is settled by repeated adjudications of the supreme court that a right to remove a cause on the ground of a separable controversy therein only exists in that class of cases where the complaint discloses two or more separate causes of action; that the right of removal is to be tested by the case made by the plaintiff in his complaint, and, if that discloses only a single indivisible cause of action, the suit is not removable. *Telegraph Co. v. Brown*, 32 Fed. Rep. 338, and cases cited. It has also been held that separate defenses interposed by different defendants to a bill or petition, disclosing but a single cause of action, do not create separable controversies, within the meaning of the removal act; and that, when several defendants are sued jointly on a cause of action,—that is, either joint or several at the election of the pleader,—one of the defendants so sued cannot elect to treat the cause of action as severable as to him and remove it to the federal court. *Pirie v. Tvedt*, 115 U. S. 41, 5 Sup. Ct. Rep. 1034, 1161; *Sloane v. Anderson*, 117 U. S. 275, 6 Sup. Ct. Rep. 730; *Railroad Co. v. Ide*, 114 U. S. 52, 5 Sup. Ct. Rep. 735.

It is sufficient to say that the proposition so often decided by the supreme court, that a case must disclose two or more separable controversies to warrant its removal to the federal court on the ground on which this removal was taken, of necessity compels us to remand this case to the state court. The petition in the case shows that Sexton, the plaintiff, at one time was the owner of certain bonds, and being such owner that defendant Seelye wrongfully came into possession of the same and brought suit thereon in his own name, and obtained judgment in such suit on May 16, 1880, for a large amount, which judgment he, on the

same day, assigned to his co-defendant Chouteau; that Chouteau, after collecting about $100,000 on the judgment, brought a second suit to enforce the payment of the residue of the judgment (amounting to some $40,000) out of certain lands, on which the bonds then merged in the judgment had been, and were, a lien, and in such second suit recovered a second judgment for the unpaid portion of the first judgment, together with an order charging the second judgment as a lien on said lands, and directing their sale. It is averred in substance that the assignment of the first judgment by Seelye was to hinder, delay, and defraud his creditors, and was without consideration, and that the agreement between Seelye and Chouteau when the assignment was made, was that Chouteau should collect the judgment for Seelye's benefit, and turn over the proceeds to him. It is also averred that Chouteau knew that Seelye was not the owner of the bonds on which the judgment was obtained when the same was assigned to him, and further, that he knew that Seelye's purpose in assigning the judgment was to defraud the owner of the bonds out of his property; and that Chouteau has always held the original judgment as trustee for Seelye; and that Seelye has always directed what should be done in the way of collecting the judgment, etc. The prayer is that the title of Seelye and Chouteau to the second judgment may be divested out of them, and vested in the plaintiff, and that Chouteau and Seelye may be compelled to account for all sums collected on the two judgments. We think it is a proposition that admits of no controversy, that the complaint discloses but a single cause of action, and, that being so, the case is not removable.

The wrong complained of is that Seelye obtained possession of bonds belonging to plaintiff, and has undertaken to collect them, and appropriate the proceeds to his own use; and that the other defendant, with full knowledge of the scheme, has undertaken to aid, assist, and abet him in carrying it out, thereby making himself a joint wrong-doer. It would be difficult to make it appear in a stronger light than is done by the bill,—that both of the defendants are jointly and severally liable for the alleged wrong, and that they are jointly and severally liable to account for all that has been collected on the bonds, whether the collections were under the first judgment or the second. That being so, and plaintiff having elected to sue them jointly, the case does not disclose a separable controversy within the terms of the removal act. It is a single cause of action existing against two defendants jointly, which the bill discloses, and neither defendant can be permitted to remove the case on the ground that he might have been sued alone for the alleged wrong, as the plaintiff has not elected to so sue him. *Pirie* v. *Tvedt,* 115 U. S. 43, 5 Sup. Ct. Rep. 1034, 1161.

The motion to remand is sustained.