## VULCAN DETINNING CO. v. AMERICAN CAN CO. et al.

(Circuit Court, D. New Jersey. February 29, 1904.)

1. REMOVAL OF CAUSES—SEPARATE CONTROVERSY.

   A bill which seeks to enjoin the principal defendants from practicing a secret process alleged to be owned by complainant, and to have been learned by such defendants through a breach of trust, and to restrain another defendant from assisting them in carrying out their unlawful purposes by using knowledge obtained while an employé of complainant as to the construction of machinery for practicing the process, does not present a separate controversy between complainant and the latter defendant, which gives him the right of removal on the ground of diversity of citizenship, under the removal act of 1875 (Act March 3, 1875, c. 137, § 2, 18 Stat. 470), as amended 1887–88 (Act March 3, 1887, c. 373, § 1,

---

¶ 1. Separable controversy as ground for removal of cause to federal court, see notes to Robbins v. Ellenbogen, 18 C. C. A. 86; Mecke v. Valleytown Mineral Co., 35 C. C. A. 155.

24 Stat. 552; Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]), where complainant and the other defendants are citizens of the same state.

On Motion to Remand to State Court.

Robert H. McCarter and Henry Wollman, for complainant.

Thomas M. Day, Jr., for defendants.

KIRKPATRICK, District Judge. The Vulcan Detinning Company filed its bill in chancery in New Jersey, alleging itself the owner of a valuable secret process for detinning scrap, and setting forth that one Assman had been by them intrusted with said secret, and, in violation of the trust so reposed in him, had divulged to the American Can Company, which he caused to be incorporated, the said secret process, and that the said American Can Company have erected plants for the purpose of operating under said process the secret which they had fraudulently obtained. The bill further alleges that the complainants acquired their knowledge of the said secret process, and their exclusive right to operate under it, from the Vulcan Western Company, a company which operated a plant for detinning by means of said secret process at Streator, in the state of Illinois, and that one Egbert, who is made a defendant, was an employé of said Vulcan Western Company, and, as such, learned said secret process now owned by the complainant; that said Egbert remained in the employ of the complainant after it acquired the Streator plant of said Vulcan Western Company, and the right to use said secret process, and that while in the complainant's employ the said Egbert obtained information concerning the details of the construction of complainant's plant, and the changes made by them from time to time in the better adapting their machinery to do the work required to be done to perfect said secret process of detinning scrap; that the said Egbert is now employed by the said American Can Company, and, with the knowledge so obtained by him while in the complainant's employ, is aiding and assisting the American Can Company not only to construct and equip their said plants with the complainant's new and improved machinery, but to operate the same according to the complainant's improved methods. The bill prays that the American Can Company may be enjoined from using complainant's secret process in their said detinning plants, and the said Egbert from rendering them further service therein, and that he be required to keep secret and within his own knowledge the information obtained concerning the means employed in the operation of the complainant's plants, and concerning any and all improvements which they have made respecting the machinery employed therein. The complainant and all the defendants, except the defendant Egbert, who resides in the state of Illinois, are citizens and residents of the state of New Jersey; and an order was made removing the cause to this court upon the ground that there was a separate controversy between Egbert and the complainant within the meaning of the second section of the act of 1875 (Act March 3, 1875, c. 137, 18 Stat. 470), as amended 1887–88 (Act March 3, 1887, c. 373, § 1, 24 Stat. 552; Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509]). The motion is now made for a remand, be-

cause no such separate controversy exists. The second section of the act above referred to is as follows:

"When in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states and which can be fully determined between them, then either one or more of the defendants actually interested in such controversy may remove such suit in the Circuit Court of the United States for the proper district."

The statute has received judicial interpretation, and a distinction has been pointed out between the word "controversy" and the words "separate controversy," as used in the act, and a separable cause of action; and it has been held that there may be separate remedies against several parties for the same cause of action, and yet only one subject-matter involved. Gudger v. Western N. C. R. R. Co. (C. C.) 21 Fed. 81. So, too, the controversy in a suit is the one actually presented by the pleadings, and not what it might have been. The cause of action is the subject-matter of the controversy. Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528. If, then, we examine the complainant's bill to seek the subject-matter of the controversy, we will find that its object is to restrain Assman and the American Can Company, who are the principal defendants, from making use of the complainant's secret process for detinning scrap, which had been confided to Assman, and to prevent other defendants, who are mere instruments, from acting in concert with and aiding them to carry out their alleged unlawful purposes, and to enjoin the defendant Egbert from instructing the defendant the American Can Company how to construct, erect, and utilize the special improved machinery and methods of the complainant, peculiarly and particularly adapted to the advantageous working of their special process, knowledge of which Egbert obtained while in the complainant's employ, and likewise to enjoin the American Can Company from erecting such machinery in accordance with Egbert's knowledge so obtained. The injury from which the complainant seeks relief is caused by the joint tortious acts of both of the defendants, and he therefore has one cause of action against both. Egbert gives to the American Can Company the information which he has received in confidence from the complainant in regard to the improved methods of constructing, setting up, and operating the machinery used in making effective the operation of the secret process; and the American Can Company acts upon this information, and so injures the complainant's business. The complainant has his remedy against any and all wrongdoers. Separate defenses may exist which may defeat a joint recovery, but the complainant cannot be prevented from prosecuting his suit to a final determination in his own way. Louisville & Nashville R. R. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63. The case at bar is analogous to that of Starin et al. v. New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388, and is governed by the rule therein laid down, and that of the cases cited, Putnam v. Ingraham, 114 U. S. 57, 5 Sup. Ct. 746, 29 L. Ed. 65; Pirie v. Tvedt, 115 U. S. 45, 5 Sup. Ct. 1161, 29 L. Ed. 331.

Let a rule be entered remanding the cause.