GERMAN-AMERICAN MERCANTILE BANK v. GAS SERVICE CORP. OF AMERICA et al.

(District Court, W. D. Washington, N. D.   December 3, 1915.)

No. 3132.

1. ACTION ☞50—JOINDER OF CAUSES—PARTIES AND INTERESTS INVOLVED.

Under Rem. & Bal. Code Wash. § 192, providing that persons severally liable upon the same obligations or instruments, including the parties to bills of exchange and promissory notes, may all or any of them be included in the same action at the option of plaintiff, parties involved in the same transaction as maker of a note and guarantor under a separate instrument may be sued jointly.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. ☞50.]

2. REMOVAL OF CAUSES ☞49—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.

Rem. & Bal. Code Wash. § 192, authorizes plaintiff to sue all or any of the persons severally liable upon the same obligation or instrument in the same action. Judicial Code (Act March 3, 1911, c. 231) § 28, 36 Stat. 1094 (Comp. St. 1913, § 1010), provides that when, in any suit mentioned in that section, there shall be a controversy which is wholly between citizens of different states and which can be fully determined as between them, any defendant actually interested in such controversy may remove such suit into the District Court of the United States. Plaintiff loaned money to a gas company on its note, and a surety company by separate instrument guaranteed payment of the note. *Held*, that an action against both companies to recover the amount due on the note involved no separable controversy and was not removable, as the complaint stated but a single cause of action, and though the defendants may have had separate defenses, this did not create a separable controversy.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. ☞49.]

3. REMOVAL OF CAUSES ☞49—SEPARABLE CONTROVERSIES—JOINT OR SEVERAL CAUSES OF ACTION.

Where plaintiff elects to sue defendants jointly, the fact that he might have sued them separately does not give a defendant the right to say that the action shall be several for the purposes of removal.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 95–99; Dec. Dig. ☞49.]

At Law. Action by the German-American Mercantile Bank against the Gas Service Corporation of America and another. On motion to remand. Motion granted.

C. H. Winders and E. H. Flick, both of Seattle, Wash., for plaintiff.

Piles, Howe & Carey, of Seattle, Wash., for defendant Illinois Surety Co.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

NETERER, District Judge. This is an action to recover $25,000, with interest, evidenced by promissory note executed on June 8, 1915, by the Gas Service Corporation of America, due September 6, 1915; guaranty of the payment thereof being made by the Illinois Surety Company by written guaranty executed on the 8th day of June, 1915. It is alleged, in substance, that the plaintiff is a corporation of the state of Washington; that the defendant Gas Service Corporation of America is a corporation organized under the laws of Washington, and that the Illinois Surety Company is a corporation duly organized and existing under the laws of the state of Illinois, with its main office in Chicago, in the state of Illinois, having complied with the laws of the state of Washington, authorizing it to do a general surety business within the state of Washington, maintaining an office in the city of Seattle, and doing a general surety business within said state; that the defendant Gas Company made application to plaintiff for a loan of $25,000; that plaintiff agreed to make the loan provided sufficient and ample security was given; that the Surety Company agreed to become surety for said loan and to guarantee the payment thereof at maturity; that the loan was negotiated for the sum of $25,000; that the Gas Company executed its promissory note on the date named, and at the same time the Surety Company undertook and agreed to promptly pay any note or notes, not exceeding $25,000, executed by the Gas Service Corporation of America to the plaintiff during a period of six months from June 8, 1915, together with interest, attorney's fees, etc., in the event suit was prosecuted to collect the same.

The action was removed upon petition to this court, and motion to remand is now made. It is contended by the Surety Company that the controversy is "wholly separable," and removal was properly made.

[1-3] Under the Washington law (section 192, Remington & Ballinger's Codes of Washington) the maker and indorser or guarantor may be sued separately or jointly. It is also proper to unite in the same action causes arising out of the same transaction. Harding v. Ostrander Timber Co., 64 Wash. 224, 116 Pac. 635. And by the same logic parties involved in the same transaction, as maker of a note and guaranty under a separate instrument may be jointly sued. Bank of California v. Union Packing Co., 60 Wash. 456, 111 Pac. 573. There is in the complaint but a single cause of action. There is but a single controversy, and that is the alleged indebtedness due the plaintiff. Each of the defendants may have a separate defense, but that does not create separable controversies within the meaning of the Removal Act. Louisville & Nashville Ry. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Putnam v. Ingraham, 114 U. S. 57, 5 Sup. Ct. 746, 29 L. Ed. 65; Pirie et al. v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Starin v. N. Y., 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388. The main purpose of the action is to recover the money loaned to the defendant Gas Service Company upon the faith and credit of the Surety Company, it "being interested in the project for which the money to be loaned as aforesaid is to be used," and "admits that all money advanced to said parties upon their promissory note is advanced upon the strength of this contract of

guaranty, and * * * further acknowledges that it is interested in the making of said loan, and will receive a valuable consideration for the execution of this agreement." The controversy, the contract of loan, is indivisible. The fact that the evidence of the relation of the parties to this contract of loan is on separate sheets of paper, instead of one paper, does not change the relation or the rights of the parties to the controversy; and because of the fact that the plaintiff might have sued the parties separately, but elects to sue them jointly, the defendant is not given the right to say that the action shall be several. Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528; Starin v. N. Y., supra. A separate defense may defeat a joint recovery; but that it cannot deprive a plaintiff of his right to prosecute his suit to final decision in his own way has been many times repeated by the United States Supreme Court. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 131, 21 Sup. Ct. 67, 45 L. Ed. 121.

The plaintiff having elected to bring a joint action, no charge of fraudulent joinder being made, and no "controversy which is wholly separable" (section 28, Judicial Code), appearing on the face of the complaint (Alabama Great Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 Sup. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147), the cause was improperly removed, and the motion to remand is therefore granted.