CITY OF SEATTLE v. BEER'S BLDG. CO. et al.

(District Court, W. D. Washington, N. D.   April 20, 1917.)

No. 3563.

REMOVAL OF CAUSES &minus;49(2)—DIVERSITY OF CITIZENSHIP—SEPARABLE CONTROVERSY.

    In an action for breach of a building contract against the contractor and the surety on its bond for performance of the contract, there is but one cause of action, and the controversy is not separable, within the meaning of the removal statute.

    [Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 96.]

At Law. Action by the City of Seattle against the Beer's Building Company and the Guardian Casualty & Guaranty Company. On motion to remand to state court. Motion granted.

Hugh M. Caldwell, Corp. Counsel, and Robert H. Evans, Asst. Corp. Counsel, both of Seattle, Wash., for plaintiff.

Grinstead & Laube, of Seattle, Wash., for defendant Guaranty Co.·

NETERER, District Judge. This action has been removed to this court from the state court on the petition of the defendant Guardian Casualty & Guaranty Company. Motion to remand is now made by the plaintiff.

The petition for removal alleges separable controversy and fraudulent joinder. It appears upon the face of the complaint that the plaintiff is a municipal corporation of Washington; that the Beer's Building Company is a corporation organized under the laws of the state of Washington, and the defendant Guardian Casualty & Guaranty Company a corporation organized under the laws of the state of Utah; that pursuant to law a contract was entered into between the plaintiff city and the defendant Beer's Building Company for the construction of a certain bridge in the city of Seattle; that by the terms of the contract the Beer's Building Company was required to furnish a bond in the sum of $50,000 for the faithful performance of said contract, and the payment of all labor and material used in the construction of said bridge, and the completion of the same within a specified time; that the defendant Guardian Casualty & Guaranty Company, as surety, executed such bond for the faithful performance of said contract and the payment of all laborers, mechanics, subcontractors, materialmen, and payment of all supplies and provisions in the carrying on of such work; that the Beer's Building Company entered upon the said contract, and neglected and refused to carry out the same as provided by the terms of the contract; and that the Guardian Casualty & Guaranty Company, upon such default, proceeded with the said contract for a time, and thereafter notified the plaintiff city that it would not complete the same, and did abandon the same, and refused to be bound by the terms and conditions of the contract. The plaintiff alleges damages in the sum of $110,000.

This court, in German-American Mercantile Bank v. Gas Service Corporation of America et al., 228 Fed. 827, at page 828, said:

"It is also proper to unite in the same action causes arising out of the same transaction. Harding v. Ostrander Timber Co., 64 Wash. 224 [116 Pac. 635]. And by the same logic parties involved in the same transaction, as maker of a note and guaranty under a separate instrument, may be jointly sued. Bank of California v. Union Packing Co., 60 Wash. 456 [111 Pac. 573]. There is in the complaint but a single cause of action. There is but a single controversy, and that is the alleged indebtedness due the plaintiff. Each of the defendants may have a separate defense, but that does not create separable controversies within the meaning of the Removal Act. Louisville & Nashville Ry. Co. v. Ide, 114 U. S. 52, 5 Sup. Ct. 735, 29 L. Ed. 63; Putnam v. Ingraham, 114 U. S. 57, 5 Sup. Ct. 746, 29 L. Ed. 65; Pirie et al. v. Tvedt, 115 U. S. 41, 5 Sup. Ct. 1034, 1161, 29 L. Ed. 331; Starin v. New York, 115 U. S. 248, 6 Sup. Ct. 28, 29 L. Ed. 388."

In this case there is but one cause of action. The cause is the failure to carry out the contract which was entered into by the Beer's Building Company, and the completion of which was guaranteed by the Surety Company. Trinity Parish of Seattle v. Ætna Indemnity Co., 37 Wash. 515, 79 Pac. 1097. The transaction is one. The plaintiff, having elected to sue the parties liable jointly, is pursuing a right given it by law. The issue in a case of removal is what the plaintiff makes it in his complaint. Bradshaw v. Bowden (D. C.) 226 Fed. 323. The Beer's Building Company, being a citizen of the state, may not deprive the plaintiff of its cause of action against it by the removal of the officers of the company from the state, and in such event, under the provisions of the laws of Washington (section 227, Rem. & Bal.

Code), service may be made upon the secretary of state and the corporation be bound thereby. Section 976, Rem. & Bal. Code, cannot avail defendant, as the section expressly provides that the proceedings of the plaintiff shall not be affected; nor can the fact that the prayer is for $110,000 and $50,000 against the respective defendants control the controversy, considered with the allegations in the complaint. The only damage claimed is $60,000, and no recovery under the allegations could be permitted in excess of the bond sued on.

From an examination of the files in this case and the law governing the issue, I think the conclusion is inevitable that the cause must be remanded; and such is the order.