# THIRD STREET AND SUBURBAN RAILWAY COMPANY *v.* LEWIS.

### APPEAL FROM THE COURT OF APPEALS FOR THE NINTH CIRCUIT.

No. 212. Submitted March 10, 1899. — Decided March 20, 1899.

Under the act of August 13, 1888, c. 866, a Circuit Court of the United States has no jurisdiction, either original, or by removal from a state court, of a suit as one arising under the Constitution, laws or treaties, of the United States, unless that appears by the plaintiff's statement to be a necessary part of his claim.

If it does not appear at the outset that a suit is one of which the Circuit. Court, at the time its jurisdiction is invoked, could properly take cognizance, the suit must be dismissed; and lack of jurisdiction cannot be supplied by anything set up by way of defence.

When jurisdiction originally depends upon diverse citizenship the decree of the Circuit Court of Appeals is final, though another ground of jurisdiction may be developed in the course of the proceedings.

THIS was a supplemental bill of complaint filed October 9, 1895, in the Circuit Court of the United States for the District of Washington. The original bill does not appear in the record, but the supplemental bill alleged —

"Meyer Lewis, a citizen of the city and county of San Francisco in the State of California, with leave of court first had and obtained, brings this, his supplemental bill, against the Third Street and Suburban Railway Company, a corporation duly organized and existing under the laws of the State of Washington, defendant, with its principal place of business in the city of Seattle, in said State; the original bill herein being brought by this plaintiff against Western Mill Company, a corporation organized and existing under the laws of the State of Washington, with its principal place of business in Seattle, in said State, John Leary and J. W. Edwards, citizens of Washington and residents of Seattle, James Oldfield, citizen of Washington and a resident of Seattle, Malcolm McDonald, a citizen of Washington and a resident of Fort Blakeley, in said State, the city of Seattle, a municipal corporation duly organized and existing under the laws of the

State of Washington, Washington Savings Bank, a corporation duly organized and existing under the laws of Washington, with its principal place of business in Seattle, in said State, and other defendants, against whom decrees *pro confesso* have been entered in the above-entitled cause prior to the bringing of this supplemental bill."

And set forth in paragraph one:

"That at all times hereinafter mentioned the defendant, Third Street and Suburban Railway Company, was and it now is a corporation, duly organized and existing under and by virtue of the laws of the State of Washington, with its principal place of business in the city of Seattle, in said State."

The supplemental bill then stated that the Western Mill Company, in May, 1884, and certain other defendants as sureties, made and delivered to plaintiff their note, to secure the payment of which, and the interest thereon and attorneys' fees, it executed a certain mortgage, which plaintiff sought by his bill to foreclose.

The eighth paragraph was as follows:

"That on or about the 14th day of October, 1891, the defendant, Western Mill Company, mortgagor herein, by its certain deed of sale, sold said mortgaged premises and every part thereof to the Ranier Power and Railway Company, a corporation organized under the laws of Washington, and having its principal place of business in Seattle; that thereafter, and on or about the 13th day of February, 1895, in the cause of *A. P. Fuller* v. *The Ranier Power & Railway Company*, No. —, then pending before this honorable court, Eben Smith, Esq., the duly appointed, qualified and acting master in chancery in said cause, made, executed and delivered to A. M. Brookes, Angus McIntosh and Frederick Bausman, purchasers of said premises, at a sale theretofore had, to satisfy a decree in said cause theretofore rendered by this court, a deed of sale to said mortgaged premises and each and every part thereof; that thereafter, on the 12th day of February, 1895, for a valuable consideration, said Angus McIntosh, A. M. Brookes and Frederick Bausman duly bargained and sold

by their deed of sale, their right, title and interest in and to said premises, and every part thereof to the Third Street and Suburban Railway Company, defendant herein, who now claims some interest in or lien upon said mortgaged premises through said deed of purchase, so made subsequent to the commencement of plaintiff's action, but that said interest in or lien upon said property is subsequent, subject and inferior to the lien of plaintiff's mortgage."

Thereupon plaintiff prayed judgment against the parties to the note for the sum alleged to be due with interest and attorneys' fees; that a decree for the sale of the mortgaged premises be entered, the proceeds to be applied in payment of the amount found due on the note and mortgage; that the railway company, and all persons claiming under it, be barred and foreclosed from setting up any claim or equity therein thereafter; and that plaintiff have judgment over for any deficiency on the sale. The defendant, the railway company, answered; a demurrer was sustained to its answer; and a decree was entered against the parties to the note for the amount due thereon and for the sale of the premises mortgaged, with judgment against them for any deficiency; and also for the distribution of any surplus that might remain after the application on the mortgage of the proceeds from the sale. The case was carried on appeal to the Circuit Court of Appeals for the Ninth Circuit, and the decree below was by that court affirmed. 48 U. S. App. 273. And from its decree this appeal was allowed.

*Mr. Frederick Bausman* for appellant.

*Mr. J. W. Blackburn, Jr.,* and *Mr. George E. Hamilton* for appellee.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

Although the record does not contain the original bill, it is apparent that the jurisdiction of the Circuit Court was invoked on the ground of diverse citizenship, and that the

interest of appellants in the mortgaged premises was acquired after the commencement of the action.

This supplemental bill made appellant a party defendant as claiming an interest, but the jurisdiction still rested on diversity of citizenship. The decree of the Circuit Court of Appeals was, therefore, made final by the statute, and the appeal cannot be sustained.

But it is said that because plaintiff saw fit to set forth the manner in which appellant obtained its interest, and it appeared that appellant claimed under a conveyance from the purchasers at a sale made pursuant to a decree of the Circuit Court, the jurisdiction was not entirely dependent on the citizenship of the parties. The averments, however, in respect to the acquisition of its interest by appellant, were no part of plaintiff's case, and if there had been no allegation of diverse citizenship the bill unquestionably could not have been retained. The mere reference to the sale and foreclosure could not have been laid hold of to maintain jurisdiction on the theory that plaintiff's cause of action was based on some right derived from the Constitution or laws of the United States.

It is thoroughly settled that under the act of August 13, 1888, c. 866, 25 Stat. 434, the Circuit Court of the United States has no jurisdiction, either original or by removal from a state court, of a suit as one arising under the Constitution, laws or treaties of the United States, unless that appears by the plaintiff's statement to be a necessary part of his claim. *Tennessee* v. *Union and Planters' Bank*, 152 U. S. 454; *Metcalf* v. *Watertown*, 128 U. S. 586, 589; *Colorado Central Mining Co.* v. *Turck*, 150 U. S. 138. If it does not appear at the outset that the suit is one of which the Circuit Court at the time its jurisdiction is invoked could properly take cognizance, the suit must be dismissed; and lack of jurisdiction cannot be supplied by anything set up by way of defence. And so when jurisdiction originally depends on diverse citizenship the decree of the Circuit Court of Appeals is final, though another ground of jurisdiction may be developed in the course of the proceedings. *Ex parte Jones*, 164 U. S. 691.

*Appeal dismissed.*