## EUGENE AVERY *v.* WILLIAM C. KING.

### DECIDED: AUGUST 31, 1900.

1. A citizen of a State cannot sue a citizen of a Territory in the Courts of the United States where diverse citizenship is the only ground of jurisdiction relied upon.
2. A demurrer to the jurisdiction sustained and the action dismissed where it appeared upon the face of the complaint that the only ground for bringing an action for damages in the Federal Court were the facts that the plaintiff was "a citizen of the United States of America, and that his permanent place of abode is in the city and county of San Francisco, State of California," and that the defendant is a citizen of the Territory of Hawaii.

ACTION FOR DAMAGES.    DEMURRER TO THE JURISDICTION.

*Davis & Gear* for plaintiff.
*Kinney, Ballou & McClanahan* for defendant.

ESTEE, J.    This is an action in tort brought by the plaintiff against the defendant, and basing his right to bring the action in this Court upon the following allegations of jurisdiction:—

"The undersigned plaintiff, Eugene Avery, complains of William C. King, who resides in Honolulu, in the Island of Oahu, and within the jurisdiction of the Court, and claims the sum of five thousand dollars for damages resulting to him by reason of the trespasses hereinafter in this complaint alleged and set out.

"And the said plaintiff alleges that he is a citizen of the United States of America, and that his permanent place of abode is in the City and County of San Francisco, State of California, United States of America.

"And the said defendant, W. C. King is a citizen of the Territory of Hawaii, and resides at Honolulu in the said Territory and within the jurisdiction of this Court."

The defendant demurred to the plaintiff's declaration on two grounds, only one of which the Court considers it necessary to pass upon, to wit:—

"That the said declaration does not state facts sufficient to give this Court jurisdiction of said cause, but on the contrary it appears on the face of the said declaration that this Court has no jurisdiction herein."

The single question to be considered is,—can a citizen of a State sue a citizen of a Territory of the United States, in the Federal Court, diverse citizenship being the only ground of jurisdiction relied upon?

The Act of Congress of the United States determining the jurisdiction of Circuit Courts of the United States as amended August 13th, 1888, fixes that jurisdiction as follows:

"That the Circuit Courts of the United States shall have original cognizance, concurrent with the Courts of the several States, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars  *  *  *  or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy *between citizens of different States*  *  *  *  or a controversy between citizens *of a State and foreign States, citizens or subjects*  *  *  *"

United States Statutes at Large, vol. 25, page 434.

It appears affirmatively from the declaration of plaintiff, that the defendant is a citizen of the Territory of Hawaii; and that the plaintiff is a citizen of the United States of America, and that his permanent place of abode is in the City and County of San Francisco, State of California.

Assuming that the plaintiff intended to allege that he is a citizen of California because he alleges that "his permanent place of abode is in the City and County of San Francisco, State of California," yet he does not show thereby that he is a citizen of one State and the defendant a citizen of a different or foreign State.

Does that fact fail to bring the action within the jurisdiction of this Court? In the opinion of the Court it does. That has been the rule adopted since the earliest organization of the

Federal Courts of the United States. One · of the leading opinions rendered by the Supreme Court of the United States on this subject and under substantially the same statute, .was that written by Mr. Chief Justice Marshall in the case of *New Orleans v. Winter, et al.,* 1 Wheaton, (U. S.) p. 89, (Brightley's · notes), wherein it was held "that where the plaintiff is a citizen of a Territory and the defendant of a State, the Courts of the United States are not thereby enabled to take jurisdiction."

The converse of this must necessarily be the law, namely, that the citizen of a State cannot for like reasons .sue a citizen of a Territory in a Federal Court.

The Court saying further in *New Orleans v. Winter, et al.,* (*supra*) "That it had been attempted to distinguish a Territory from the District of Columbia, but the Court is of opinion that the distinction cannot be maintained. They may differ in many respects, but neither of them is a State in the sense in which that term is used in the Constitution." Referring to the case of *Hepburn, et al., v. Ellzcy,* 2 Cranch. 445, Brightley's notes.

See also—*Barney v. Baltimore City,* 6 Wall. (U. S.) 280; *Hooe v. Jamieson,* 166 U. S., p. 395; *Snead v. Sellers, et al.,* 66 Fed. Rep. 371; *Mansfield Coldwater and Lake Michigan Co., et al., v. Swan, et al.,* 111 U. S. 379.

There seems to be an unbroken line of decisions sustaining this position. A Territory of the United States is neither a foreign State nor a different State of the Union, nor a State of any character. Each State is an independent political organization. Each Territory is a dependent political organization and does not possess an attribute of State sovereignty. Congress is the representative of the people of the States, not the people of the Territories, and Congress controls the Territories. The Territory of Hawaii, therefore, is not a State within the meaning of the Constitution and laws of the United States, and this Court has no jurisdiction to determine the merits of this action.

It has been held by the Supreme Court of the United States, that—"if it does not appear at the outset that the suit is one of

which the Circuit Court at the time its jurisdiction is invoked, could properly take cognizance, the suit must be dismissed." (*Third Street and Suburban Railway Co. v. Lewis*, 173 U. S. 457.)

It is therefore ordered that the demurrer of defendant be sustained, and that the action be dismissed without prejudice.