### HALL v. CHICAGO, R. I. & P. RY. CO.'.

(Circuit Court, N. D. Iowa, Cedar Rapids Division. December 19, 1906.)

No. 213.

1. REMOVAL OF CAUSES—GROUNDS OF REMOVAL—STATUTES OR LAWS OF THE UNITED STATES—PETITION.

   A case not depending on diversity of citizenship cannot be removed from the state court to the Circuit Court of the United States as one arising under the Constitution or laws of the United States, as provided by the removal acts (Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433. [U. S. Comp. St. 1901, p. 509]), unless that fact appears by plaintiff's own statement of his cause of action, and, if it does not so appear, the fact cannot be supplied by the petition for removal.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 58, 59.]

2. SAME.

   Where the facts stated in plaintiff's petition disclose a right of action given or created by an act of Congress, and also a right of action created by a state law, it would be for the court on petition to remove to determine under which statute the action was maintainable, if at all, and, if one construction of the federal statute would sustain and another defeat a recovery, the action would be one arising under a law of the United States, and therefore of federal cognizance.

3. COMMERCE—REGULATION OF INTERSTATE COMMERCE—MASTER AND SERVANT —EMPLOYERS' LIABILITY ACT.

   Where a railroad company by which plaintiff was employed was an interstate carrier at the time plaintiff was injured, it was not material to plaintiff's right to the benefit of employers' liability act (Act Cong. June 11, 1906, c. 3073, 34 Stat. 232), regulating the liability of such carriers for injuries to employés, etc., that the train on which plaintiff was injured was an intrastate train.

4. MASTER AND SERVANT—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT— PROSPECTIVE OPERATION.

   Employers' Liability Act (Act Cong. June 11, 1906, c. 3073, 34 Stat. 232), regulating the liability of interstate carriers for injuries to employés, etc., was prospective only in operation, and did not apply to causes of action existing at the time of its adoption.

At Law. On motion to remand.

This action was commenced in the district court of Iowa in and for Linn county, August 25, 1906. The petition alleges that defendant is a corporation duly organized under the laws of Iowa and Illinois, and is a common carrier engaged in operating a line of railroad from Chicago, in the state of Illinois, westward into and through the state of Iowa; that on December 13, 1905, said Edward W. Griffiths, Jr., was in the employ of the defendant upon one of its trains in Iowa, and on that day, while in the discharge of his duty in uncoupling the air hose and cars of said train, was seriously and permanently injured by reason of defects in the roadbed and in the appliances upon the car, arising from defendant's neglect, and the negligence of the other employés of the train in moving the same, for which injuries he asks judgment against the defendant in the sum of $15,000. In due time the defendant removed the cause to this court upon the grounds, as alleged in the petition for removal, "that the cause of action alleged in the petition involves the construction of a law of the United States; that, if the plaintiff has any cause of action, it arises under, and is created by, an act of Congress approved June 11, 1906, entitled "An act relating to the liabilities of * * * common carriers engaged in commerce between the states * * * to their employés." The record has been filed in this court, and the plaintiff moves to remand the cause to the state court upon the grounds, in substance, (1) that it does not appear

from the petition of plaintiff that the cause of action alleged therein arises under the Constitution, or any law or treaty of the United States; (2) that the cause of action alleged in said petition arose under the statutes and laws of Iowa prior to the passage of the act of Congress of June 11, 1906; and (3) that Congress was without rightful authority to pass said act.

Dawley Hubbard & Wheeler and Main & Griffiths, for plaintiff.
Carroll Wright and J. L. Parish, for defendant.

REED, District Judge (after stating the facts). The claimed right to remove this cause from the state court rests solely upon the ground that the action is one arising under a law of the United States, viz., the act of Congress approved June 11, 1906, commonly known as the "Employers' Liability Act." Act June 11, 1906, c. 3073, 34 Stat. 232. The act is as follows:

"That every common carrier engaged in trade or commerce in the District of Columbia, or in any territory of the United States, or between the several states, or between any territory and another, or between any territory or territories and any state or states, or the District of Columbia, or with foreign nations, or between the District of Columbia, and any state or states, or foreign nations, shall be liable to any of its employés, or, in the case of his death, to his personal representative for the benefit of his widow and children, if any, if none, then for his parents, if none, then for his next of kin dependent upon him, for all damages which may result from the negligence of any of its officers, agents, or employés, or by reason of any defect or insufficiency due to its negligence in its cars, engines, appliances, machinery, track, road-bed, ways, or works.

"Sec. 2. That in all actions hereafter brought against any common carriers to recover damages for personal injuries to an employé, or where such injuries have resulted in his death, the fact that the employé may have been guilty of contributory negligence shall not bar a recovery where his contributory negligence was slight and that of the employer was gross in comparison, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employé. All questions of negligence and contributory negligence shall be for the jury.

"Sec. 3. That no contract of employment, insurance, relief benefit, or indemnity for injury or death entered into by or on behalf of any employé, nor the acceptance of any such insurance, relief benefit, or indemnity by the person entitled thereto, shall constitute any bar or defense to any action brought to recover damages for personal injuries to or death of such employé; provided however, that upon the trial of such action against any common carrier, the defendant may set off therein any sum it has contributed toward any such insurance, relief benefit, or indemnity, that may have been paid to the injured employé, or, in case of his death, to his personal representative.

"Sec. 4. That no action shall be maintained under this Act unless commenced within one year from the time the causes of action accrued.

"Sec. 5. That nothing in this Act shall be held to limit the duty of common carriers by railroads, or impair the rights of their employés under the Safety Appliance Act of March second, eighteen hundred and ninety three, as amended April first eighteen hundred and ninety six, and March second nineteen hundred and three.

"Approved June 11, 1906."

This statute, if valid, effects radical changes in the liability, as it exists at common law or under the statutes of many of the states, of common carriers engaged in interstate commerce for injuries to their employés; in the time within which the action therefor shall be commenced; in the disposition of the proceeds of recovery when the injury results in death; and in the effect upon the right of recovery for such injuries when the employé is guilty of negligence which

directly contributes to his injury; and counsel for the respective parties practically agree in argument that Congress is and was without rightful authority to pass the same, and that it is therefore invalid. If the court should adopt this view of counsel, it would follow that the cause must be remanded to the state court. But an act of the Legislature, national or state, should not be declared invalid unless it appears beyond doubt to be so. Township of Pine Grove v. Talcott, 19 Wall. 666–673, 22 L. Ed. 227. Nor should it be so declared in any case when it is unnecessary to decide the question of its validity.

The authority of Congress, if it exists, to pass the act in question is, no doubt, the commerce clause of the federal Constitution. Whether it exists under that clause may admit of doubt, but for the purpose of this case it will be assumed, without so deciding, that it does, and that the act is valid. Does it follow that the case is a removable one? It is the contention of the plaintiff that the cause of action does not arise under this act of Congress, or at least that it does not so appear from the allegations of his petition. It is undoubtedly true that under the Act March 3, 1887, c. 373, 24 Stat. 552, and Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 509], a case not depending on diversity of citizenship cannot be removed from a state court into the Circuit Court of the United States, as one arising under the Constitution or laws of the United States, unless that fact appears by the plaintiff's own statement of his cause of action; and, if it does not so appear, the fact cannot be supplied by the petition for removal. Chappel v. Waterworth, 155 U. S. 102–107, 15 Sup. Ct. 34, 39 L. Ed. 85; Third St. R. R. Co. v. Lewis, 173 U. S. 457–460, 19 Sup. Ct. 451, 43 L. Ed. 766.

But the court takes notice of the laws of Congress, and, if the facts stated by plaintiff as the basis of his right of recovery show a right of action given or created by such a law, then it may fairly be said that it appears from his own statement of his claim that the action is one arising under a law of the United States. If the same facts show, also, a right of action created or given by a state law, still it would be for the court to determine under which statute the action was maintainable, if at all; and if one construction of the federal statute would sustain, and another construction would defeat, a recovery under that statute, the action would be one arising under a law of the United States, and therefore of federal cognizance. Starin v. New York, 115 U. S. 248–257, 6 Sup. Ct. 28, 29 L. Ed. 388; Carson v. Dunham, 121 U. S. 421–427, 7 Sup. Ct. 1030, 30 L. Ed. 992. It sufficiently appears, therefore, from plaintiff's petition that the cause of action as alleged therein is one arising under a law of the United States, if the act of Congress of June 11, 1906, is to be given a retroactive effect.

It is contended on behalf of the defendant that, if the act is valid, it is because it relates to a subject-matter confided exclusively to Congress by the federal Constitution, and that its necessary effect is to abrogate all existing state legislation upon such subject, at least such as is inconsistent with its provisions, and to prevent further legislation by the several states relating thereto, and that there is now no right of recovery for causes of action such as are alleged in the plaintiff's petition, except under this act of Congress; and Henderson v. Wickham,

92 U. S. 259, 271–272, 23 L. Ed. 543, Railroad Co. v. Hefley, 158 U. S. 104, 15 Sup. Ct. 802, 39 L. Ed. 910, and other cases are relied upon in support of this contention. The questions thus presented are of much importance, especially in actions upon causes which have arisen since the passage of the act. But it is deemed necessary in this case to determine only whether or not this act is to be given a retrospective effect.

It is alleged that plaintiff was injured in the state of Iowa in December, 1905, by reason of the neglect of defendant in the matter of its roadbed, and the equipment of its cars upon which he was employed, and the negligence of his fellow servants engaged with him in the operation of its train. Whether or not the train was a local one operating between points in Iowa only is not alleged. But this does not seem to be important, for under this act it is the interstate character of the carrier, rather than the particular employment in which the employé may be engaged, that is controlling. For the alleged neglect of defendant in the matter of its roadbed and the equipment of its cars the plaintiff would have a right of action at common law; and under section 2071, Code of Iowa 1897, he may recover from the defendant for the negligence of his fellow servants engaged with him in the operation of its trains in that state, and he may bring his action at any time within two years after the cause of action accrues. The rule is elementary that statutes will not be given a retrospective effect unless that intention appears upon the face of the statute so clearly as to permit of no other construction. Cooley's Constitutional Limitations (3d Ed.) p. 63.

In Twenty Per Cent. Cases, 20 Wall. 179, 187, 22 L. Ed. 339, it is said:

"Courts of justice agree that no statute, however positive in its terms, is to be construed as designed to interfere with existing contracts, rights of actions, or with vested rights, unless the intention that it shall so operate is expressly declared or is to be necessarily implied, and pursuant to that rule courts will apply new statutes only to future cases, unless there is something in the nature of the case or in the language of the new provision which shows that they were intended to have a retroactive operation. Even though the words of the statute are broad enough in their literal extent to comprehend existing cases, they must yet be construed as applicable only to cases that may hereinafter arise, unless the language employed expresses a contrary intention in unequivocal terms."

There is nothing from which it can be inferred that this statute was to be given a retrospective effect, and it is incredible that Congress intended by it to take away, or in any manner impair, the right of recovery upon causes of action existing at the time of its passage. Any attempt upon its part to bar such right without affording reasonable opportunity to enforce the same after the passage of the act would be sufficient grounds for declaring it invalid as to such causes of action. Koshkonong v. Burton, 104 U. S. 668, 26 L. Ed. 886; Campbell v. Haverhill, 155 U. S. 610–615, 15 Sup. Ct. 217, 39 L. Ed. 280.

Other questions discussed at the bar need not be considered, for it seems clear that this act of June 11, 1906, was not intended to, and does not, apply to causes of action then existing.

The conclusion, therefore, is that the motion to remand must be sustained, and it is so ordered.