### HALL v. LOUISVILLE & N. R. CO.

#### (Circuit Court, N. D. Florida. November 23, 1907.)

**1. DEATH—ACTION FOR DEATH OF EMPLOYÉ—STATUTE GOVERNING.**

In Florida, where a right of action for wrongful death is given by statute, an action may be brought to recover from a railroad company for the death of an employé occurring in that state in any case; whether the right of action is created by the state statute or by the federal employer's liability act (Act June 11, 1906, c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1907, p. 891]), being dependent upon whether the defendant is an interstate or wholly an intrastate carrier.

**2. PLEADING—AMENDMENT—CHANGING CAPACITY IN WHICH PLAINTIFF SUES.**

Under either the federal statutes and practice or those of Florida, a plaintiff suing as widow of a decedent to recover for his wrongful death may be permitted to amend her declaration to change the relation in which she sues from that of widow to that of administratrix.

**3. LIMITATION OF ACTIONS—TIME OF COMMENCEMENT OF ACTION—EFFECT OF AMENDMENT OF DECLARATION.**

Gen. St. Fla. 1906, § 3146, giving a right of action for wrongful death, gives such right to the widow alone, if there be a widow, for her sole benefit, while the federal employer's liability act (Act June 11, 1906, c.

3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1907, p. 891]) gives such right for the death of an employé against an interstate carrier to the personal representative of the deceased alone, and for the benefit of his widow and children or dependent next of kin. Where, therefore, a widow of an employé of an interstate railroad company brought suit against such company in a state court of Florida in her capacity as widow to recover for the death of her husband, such action was necessarily based on the state statute, and an amendment of her declaration changing the capacity in which she sued to that of administratrix introduced a new and different cause of action based on the federal statute, and was, in effect, the bringing of a new action thereunder, which was begun, for the purpose of limitation, when the amendment was filed, and did not relate back to the time of the commencement of the original action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 545.]

**4. SAME—AMENDMENT CHANGING BENEFICIARY.**

An amendment of a declaration changing the beneficiary of the action is in effect the bringing of a new suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, § 545.]

At Law. Action for wrongful death.

On the 13th day of December, 1906, the plaintiff, Mrs. J. L. Hall, filed a suit in the circuit court of the First judicial circuit of the state of Florida against the Louisville & Nashville Railroad Company, claiming the sum of $40,-000 damages for the death of her husband, J. L. Hall, by the negligence of the defendant railroad company; said Hall at the time of his death being in the employment of the defendant as locomotive engineer. The suit as filed in the circuit court of Florida was brought in the name of the plaintiff as "widow of J. L. Hall, deceased." In due time this cause was removed by petition from the circuit court of Florida to the Circuit Court of the United States for the Northern District of Florida. It is averred in plaintiff's original complaint that her husband, J. L. Hall, died on the 18th day of October, 1906, from injuries received while in the discharge of his duties as locomotive engineer on that same day. After the removal of the cause to this court, the defendant railroad company on the 5th day of March, 1907, filed a plea of the general issue to the original complaint. On the 26th day of October, 1907, the plaintiff asked leave to file in this court an amendment to her original declaration as follows: "That wherever the words 'Mrs. J. L. Hall, widow of J. L. Hall, deceased,' appear in said declaration or any count thereof, omit same and insert 'Johnnie R. Hall, administratrix of the estate of J. L. Hall, deceased, duly appointed administratrix of the estate of J. L. Hall, deceased, by the county judge of Escambia county, Florida, on the 16th day of January, 1907, for the benefit of his widow, Johnnie R. Hall, and his children, Etta L. Hall, Tama Bell Hall and J. L. Hall, Jr." The defendant objected to the allowance of this amendment, and, without waiving this objection, filed a plea of the statute of limitations of one year to the various counts as amended. To this plea the plaintiff filed a demurrer. In order to present all the questions raised by the record, it is agreed that the court may take up and consider the objections to the amendment, the plea of the statute of limitations and the demurrer thereto in the order of their filing.

R. R. Reese and J. P. Stokes, for plaintiff.
Blount & Blount & Carter, for defendant.

HUNDLEY, District Judge (after stating the facts as above). The first question to be considered in this case is whether or not the amendment proposed by the plaintiff is such an amendment as can be permitted. The effect of the amendment proposed is to change the relation in which the plaintiff sues from that of her individual capacity as widow to that of her representative capacity as administratrix. It is

·claimed by the plaintiff that this suit was·brought under the act of Congress known as the "Employer's Liability Act." Act June 11, 1906, ·c. 3073, 34 Stat. 232 [U. S. Comp. St. Supp. 1907, p. 891]. The defendant denies this, and claims that the suit was brought under the Florida state statute. The constitutionality of the act of Congress is ·not drawn in question by the pleadings in this case, nor is it questioned in the argument presented. In so far, therefore, as the issues in this ·case are concerned, that act will be considered as a constitutional and lawful enactment by Congress. It is plain that actions for damages for injuries to employés may be brought on account of such injuries to ·those engaged in intrastate, as well as interstate, commerce. If the employé bringing the suit was in the employment of a common carrier engaged entirely in intrastate commerce, the right of action must ·necessarily be created entirely under the state statute, and, if the employé was in the employment of a common carrier engaged in interstate commerce, the right of action is created under the federal statute, supra. Spain v. St. Louis & S. F. R. Co. (C. C.) 151 Fed. 522; Hall v. Chicago, R. I. & P. Ry. Co. (C. C.) 149 Fed. 564. In so far, therefore, as the question of allowing the amendment is concerned, it is immaterial whether the action is one arising under the Florida statute ·or under the act of Congress. Such amendment is allowable under the liberal statutes of amendment, both state and federal. Gen. St. Fla. 1906, § 1432; Rev. St. U. S. § 954 [U. S. Comp. St. 1901, p. 697]; Neal v. Spooner, 20 Fla. 38; Simon Hamburg v. Liverpool, London & Globe Ins. Co., 42 Fla. 86, 27 South. 872; McDonald v. State of Nebraska, 101 Fed. 171, 41 C. C. A. 278; Hodges et al. v. Kimball et al., 91 Fed. 845, 34 C. C. A. 103; Van Doren v. Penn. R. Co., 93 Fed. 260, 35 C. C. A. 282; St. L. & I. M. R. Co. v. Haist, 71 Ark. 258, 72 S. W. 893, 100 Am. St. Rep. 65; Hutchinson v. Tucker, 124 Mass. 240; Fitzhenry v. Consolidated Traction Co., 63 N. J. Law, 142, 42 Atl. 416.

We shall now consider the vital and controlling question in this case, ·which is the demurrer to the plea of the statute of limitations of one year, which plea was filed to the counts as amended. In fine, does the amendment relate back to the time of the bringing of the suit, so as to prevent the application of the statute to the case at bar? Such statutes· are statutes of quiet, and are recognized by all courts in cases where they apply, as a valid, substantial and legal defense. The question of "relation back" of amendments is a fiction of the law, and should never be allowed, when to do so would to the prejudice of a litigant deprive him of a substantial, legal right. The defendant, against whom any party has a right of action, has a right to presume that such party has abandoned that right in cases where he has failed to assert it within the time prescribed by law. The right of the plaintiff to recover in such actions as this was unknown to the common law. The right here asserted is entirely statutory. It becomes a matter of importance, therefore, to determine under which statute this suit was originally brought. To determine this fact, this court can ·only look to the plaintiff's own statement of her cause of action. Chappel v. Waterworth, 155 U. S. 102, 15 Sup. Ct. 34, 39 L. Ed. 85; Third St. R. R. Co. v. Lewis, 173 U. S. 457, 19 Sup. Ct. 451, 43 L.

Ed. 766. Wherever a right is conferred by a statute which is in derogation of the common law, such statute must be strictly construed. Under the state statute (Gen. St. Fla. 1906, § 3146) the right to sue and recover in such a case as this is vested in the widow alone; there being a widow living. L. & N. R. Co. v. Jones, 45 Fla. 407, 34 South. 246. Her recovery in the action would be for her benefit alone. A recovery in her name alone, under the state statute, would not be a bar to another action against this defendant, growing out of the same wrongful act, in a suit under the federal statute. Under the federal statute (Employer's Liability Act, supra) the right of action is conferred upon the personal representative alone. The federal statute effects radical changes in the liability, as it exists at common law or under the Florida statute, of common carriers engaged in interstate commerce for injuries to their employés, in the disposition of the proceeds of the recovery, when the injury results in death, and in the effect of the right of recovery for such injuries, when the employé is guilty of negligence, which directly contributes to his injury. There being, therefore, such marked distinctions between the two statutes, the conclusion is inevitable that the action, if brought under any authority at all, must have been brought under the state statute. Especially must this be the case when we consider the fact that at the time the suit was brought there was no personal representative in existence in whose name this suit could have been maintained under the federal statute. The suit was filed in the state court on the 13th day of December, 1906, and the plaintiff was not appointed administratrix until the 16th day of January, 1907. The counsel for plaintiff cite the case of Van Doren v. Penn. R. Co., 93 Fed. 260, 35 C. C. A. 282, as sustaining their contention that in allowing the amendment after the appointment of the administratrix there was no change in the cause of action. On a careful reading of that case, it will be seen that the facts upon which that decision was predicated were far different in regard to the right of action from what they are in the case at bar. Says the court in that case:

"The proposed amendment would not, if properly allowed, have changed the cause of action or affected in any manner the measure of proof necessary to establish the alleged tort. It would not have changed the issue to be tried, or have increased or diminished the amount to be recovered. It could not have operated to the prejudice of the defendant. It would merely have changed the capacity in which the suit should be prosecuted by Laura L. Van Doren from that of administratrix to that of widow of the decedent, thereby conforming to the Pennsylvania statute. It could have been of no consequence to the defendant, who should ultimately receive the amount of any verdict against it, if the final judgment rendered in the action would bar a second suit for damages for the death of Henry Van Doren, and that the judgment would have operated as such bar we have no doubt."

But the status of the case at bar is far different from that of the Van Doren Case, supra, in the very material distinctions pointed out in that case. Here, under a suit in the name of the widow, she alone would be entitled to recover, and the measure of her damages would be such as the jury might determine that she alone had sustained on account of the death of her husband (Gen. St. Fla. 1906, § 3146), while under the federal statute the administratrix would be entitled to re-

cover for all damages sustained by her and her three children—probably just four times as much as she would recover in a suit as widow. Again, her recovery as widow would be no bar to a recovery under the federal statute, at least in so far as her three children are concerned, who were neither a party to, nor interested in, any suit in the name of the widow as such. It seems, therefore, that the amendment presents an entire new cause of action, to which the plea of the statute of limitations is a good defense. The decisions of the courts upon the question, as to what is such an entire change of the cause of action as to prevent the doctrine of relation back, are numerous; and the true test of the rule is, does the amendment introduce a new right, or new matter, not within the lis pendens and the issue between the parties? Is it not perfectly clear that the "issue between the parties" in a case in which the widow sues in her own name for her own benefit is not the same as in a case in which the administratrix sues in a representative capacity for the widow and her three children? In the well-considered case of the Union Pacific Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, after citing numerous authorities, the court adopts approvingly the language of the Supreme Court of Alabama in the case of Mohr v. Lemle, 69 Ala. 180, as follows:

"The latitude of amendment allowed the plaintiff cannot be permitted to work injustice to the defendant, or to deprive him of any just and rightful defense. The plaintiff may introduce a new cause of action by amendment; but such amendment cannot have relation to the commencement of the suit, so as to avoid the bar of the statute of limitations, if the statute would operate a bar to a new suit commenced for that cause of action, at the time of making the amendment. The whole doctrine of relation rests in a fiction of the law, adopted to subserve, and not to defeat, right and justice. When the amendment introduces a new right, or new matter, not within the lis pendens and the issue between the parties, if at the time of its introduction, as to such new right or matter, the statute of limitations has operated a bar, the defendant may insist upon the benefit of the statute, and to him it is as available as if the amendment were a new and independent suit."

The doctrine of lis pendens has been termed a harsh rule, by both text-writers and courts, and hence should not be sustained, unless it is brought within the rule as matter of law and fact, one or both. It must be invoked only in cases falling within the reason for its existence. 21 A. & E. Encyc. of L. (2d Ed.) 607; Dodd v. Lee, 57 Mo. App. 167; Parks v. Jackson, 11 Wend. (N. Y.) 442, 25 Am. Dec. 656. Originally this doctrine was intended to apply only to controversies relating to real property, and in some jurisdictions the courts have declined to apply it to personalty, but it may be conceded that the doctrine is now applied indiscriminately to both personal and real actions. However this may be, except in proceedings in rem, before the doctrine of lis pendens can be invoked, the court must of necessity have secured jurisdiction, not only of the subject-matter, but of the person in the pending suit. Was there a pending suit between this defendant and the personal representative of the deceased, under the federal statute, at the time of the filing of this suit in the name of the widow? If it be held that the original action as brought in the state court was brought under the federal statute, then there was clearly at that time no action at all, for the person bringing the suit had no right of action

in the subject-matter. She was in law a mere stranger to the controversy, and the mere fact that she was the widow gave her no more rights in the premises than any one else. Her right of action did not accrue until she qualified as administratrix. The amendment is a departure therefore from law to law. The amendment changing the beneficiary is in effect the bringing of a new suit. Atlanta, K. & N. Ry. Co. v. Hooper, 92 Fed. 820, 35 C. C. A. 24; Union Pacific Ry. v. Wyler, supra; Lilly v. Charlotte, C. & A. R. Co., 32 S. C. 142, 10 S. E. 932; Flatley, Adm'r, v. Memphis & Charleston R. Co., 9 Heisk. (Tenn.) 230; Whalen v. Gordon et al., 95 Fed. 305, 37 C. C. A. 70; City of Kansas City v. Hart, 60 Kan. 684, 57 Pac. 938; Bolton v. Georgia Pac. R. Co., 83 Ga. 659, 10 S. E. 352.

I have carefully read and considered the cases cited by counsel for plaintiff, in their relation to the authorities cited in this opinion, and am of the opinion that they do not apply in the case at bar. The conclusions reached in those cases were based upon different conditions, both as to law and facts. For the reasons herein stated, and upon the authorities above referred to, the conclusion is inevitable that the amendment, which has been allowed, presents a new cause of action, which does not relate back to the commencement of this suit, and to which the statute of limitations is a good plea, as matter of law.

It is therefore ordered, adjudged, and decreed that the demurrer to the plea of the statute of limitations be, and the same is hereby, overruled.