### McPHERSON BROS. CO. v. OKANOGAN-DOUGLAS INTER-COUNTY BRIDGE CO.*

Circuit Court of Appeals, Ninth Circuit.
March 12, 1928.

No. 5328.

**Courts** ⟨⟩**299(2, 3)—Jurisdiction of federal court on ground suit arises under laws of United States must appear from plaintiff's pleading, unaided by possible defense and allegations affecting bridge over navigable river, authorized by act of Congress, held insufficient.**

Jurisdiction of federal court on the ground that the suit is one arising under a law of the United States must appear from complainant's pleading, and the court is without jurisdiction of a bill merely alleging unwarranted interference with complainant's property rights by the building of a bridge over a navigable river because an act of Congress (Act March 23, 1906 [33 USCA §§ 491–498; Comp. St. §§ 9961–9968]), authorizing the bridge, may be set up as a defense.

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

Suit in equity by the McPherson Bros. Company against the Okanogan-Douglas Inter-County Bridge Company. Decree dismissing bill, and complainant appeals. Modified and affirmed.

W. C. Gresham, of Okanogan, Wash., and Peter McPherson, of Brewster, Wash., for appellant.

Sam R. Sumner, of Wenatchee, Wash., and Hartman & Hartman, of Seattle, Wash., for appellee.

*Rehearing denied April 30, 1928.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing a complaint in equity on motion of the defendant. The complaint alleges, in substance, that for more than 30 years last past the plaintiff has owned and continuously operated a public toll ferry across the Columbia river at the town of Brewster in the state of Washington; that for a long time prior to the commencement of this suit the plaintiff has been possessed of valuable and substantial interests in and to certain shore lands of the Columbia river, and has been the owner in fee simple for approximately thirty years last past of a tract of land adjoining such shore lands; that such franchise and other property rights are of the value of more than $75,000; that during the month of July, 1927, the defendant commenced the construction of a bridge across the Columbia river at or near the town of Brewster and across the shore and private lands owned by the plaintiff; that, unless enjoined by the court, the construction of the bridge will result in the appropriation and confiscation by the defendant of all the property rights of the plaintiff in and to the ferry shore and other lands and the franchise owned by the plaintiff; that the construction of the bridge as proposed by the defendant will make valueless the franchise and ferry and other property rights of the plaintiff, will prevent and obstruct the operation of the ferry, and will cross over and obstruct the private roads and approaches leading thereto. It is then averred that the Columbia is a navigable interstate river; that the defendant has no authority from the federal government to construct and maintain a bridge at that place; that the defendant is acting under color of a right granted to one W. E. Buell by the Act of Congress approved February 26, 1926; that the defendant claims to be the assignee of the right granted to Buell; and that the bridge so under construction is not authorized by the act referred to.

The first ground of the motion to dismiss was a challenge to the jurisdiction of the court, and, if that challenge was well taken, it became the duty of the court to dismiss on that ground, regardless of other considerations. There was no diversity of citizenship, and, if jurisdiction existed at all, it existed because the suit arose under the Constitution or laws of the United States, and that fact must necessarily appear in the plaintiff's statement of its own claim. As

said by the Supreme Court in Taylor v. Anderson, 234 U. S. 74, 34 S. Ct. 724, 58 L. Ed. 1218:

"It is now contended that these allegations showed that the case was one arising under the laws of the United States, namely, the acts restricting the alienation of Choctaw and Chickasaw allotments, and therefore brought it within the Circuit Court's jurisdiction. But the contention overlooks repeated decisions of this court by which it has become firmly settled that, whether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute (now section 24, Judicial Code), must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511; Third Street Ry. Co. v. Lewis, 173 U. S. 457, 19 S. Ct. 451, 43 L. Ed. 766; Florida Central R. Co. v. Bell, 176 U. S. 321, 20 S. Ct. 399, 44 L. Ed. 486; Boston, etc., Mining Co. v. Montana Ore Co., 188 U. S. 632, 23 S. Ct. 434, 47 L. Ed. 626; Joy v. St. Louis, 201 U. S. 332, 26 S. Ct. 478, 50 L. Ed. 776; Devine v. Los Angeles, 202 U. S. 313, 26 S. Ct. 652, 50 L. Ed. 1046; Louisville & Nashville R. Co. v. Mottley, 211 U. S. 149, 29 S. Ct. 42, 53 L. Ed. 126; Shulthis v. McDougal, 225 U. S. 561, 32 S. Ct. 704, 56 L. Ed. 1205; Denver v. New York Trust Co., 229 U. S. 123, 33 S. Ct. 657, 57 L. Ed. 1101.

We have already set forth the substance of the complaint, and it is apparent therefrom that the plaintiff based no claim on the Constitution or laws of the United States. The complaint simply charged an unauthorized interference with property rights, and, even though an attempt should be made by the defendant to justify such interference under the laws of the United States, the case would still not be within the jurisdiction of a federal court.

It was suggested on the argument that the bridge will be an obstruction to navigation and as such a public nuisance, but the complaint does not so aver, even if that fact would confer jurisdiction. It was simply averred, in most general language, that the bridge will obstruct and prevent the operation of the ferry and will cross over and obstruct the private roads and approaches leading to the ferry. Inasmuch as both the bridge and the ferry cross the river. from bank to bank, it is not easy to see how the bridge will obstruct navigation by the ferry, but, in any event, the complaint did not so aver.

We might add further, although perhaps it appertains to the merits of the case, that the act of Congress, under color of which the bridge is under construction, provides that the bridge shall be constructed in accordance with the Act of March 23, 1906, 34 Stat. 84 (33 USCA §§ 491–498; Comp. St. §§ 9961–9968), and the latter act provides that the plans for the bridge must be approved by the Chief of Engineers and by the Secretary of War. When so approved, the bridge is declared to be a lawful structure, and no court can declare otherwise. Southern Pacific Co. v. Olympian Co., 260 U. S. 205, 43 S. Ct. 26, 67 L. Ed. 213. The complaint entirely failed to aver that the bridge was not constructed in accordance with the act of 1906, supra, or with the approval of the Secretary of War. The court below was without jurisdiction, and the complaint should have been dismissed upon that ground, rather than on the ground that the plaintiff had no legal capacity to sue.

The decree will be modified accordingly, and affirmed as modified.