**STATE OF OKLAHOMA ex rel. JENNINGS**
**v. RAY et al.**
No. 1799.

District Court, N. D. Oklahoma.
July 5, 1934.

George H. Jennings, of Sapulpa, Okl., for plaintiff.

J. H. Hill, John R. Ramsey, B. W. Griffith, and Sol H. Kauffman, all of Tulsa, Okl., for defendant Texas Co.

Sebe Christian, Co. Atty., of Sapulpa, Okl., for defendants' Ghayn Ray and Board of County Com'rs of Creek County, Okl.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted in the District Court of Creek county, Okl., by a taxpayer of that county, against the county treasurer and the board of county commissioners of Creek county, Okl., and the Texas Company, a corporation, having as its object the collection of double the amount of money paid by the county treasurer of Creek county to the Texas Company on account of the satisfaction of the judgment obtained by the Texas Company, upon a stipulation, against the county treasurer. Plaintiff's petition alleges that the Texas Company, the owner of certain personal property located within Creek county, and subject to ad valorem taxes for the fiscal year beginning July 1, 1930, and

418

ending June 30, 1931, rendered the property and listed the same with the county assessor for taxation; that among the properties so listed was equipment located upon certain restricted oil and gas mining leases covering restricted lands. The location and valuation of the property thereon was set forth in the petition, with an aggregate valuation of $66,-730. The ad valorem taxes of $3,031.60 were extended upon the tax rolls against such property. It further alleges that the taxes became delinquent, and on the 10th day of October, 1931, the county treasurer issued and delivered to the sheriff of Creek county certain tax warrants directed against the corporate defendant, and thereafter and on the 10th day of November, 1931, the Texas Company paid the amount of the taxes, the principal, and costs to the sheriff. Thereafter the same procedure was followed with respect to $200.50 worth of unpaid taxes. On the 9th day of December, 1931, the Texas Company filed its action in the District Court of Creek county against the board of county commissioners and the county treasurer of Creek county to recover the sum of money it had paid upon the tax warrants. A copy of the petition filed by the Texas Company was annexed as an exhibit to plaintiff's petition, and sets forth that the property was exempt from taxation because of the location of the property upon lands of restricted Indians, upon restricted leaseholds. Plaintiff's petition further alleges that no answer was filed in the case and no defense was made by either the board of county commissioners, or county treasurer, or the county attorney, but that the county attorney and the Texas Company entered into a stipulation by which it was agreed that the county treasurer pay from the funds of Creek county the sum of $2,273.79, which was 75 per cent. of the amount sued for by the Texas Company. A copy of the stipulation was also annexed to the petition. It was further alleged that pursuant to the stipulation, a journal entry of judgment was entered in the cause against the county treasurer and county commissioners of Creek county, and payment of the judgment was made by the county treasurer to the Texas Company. The petition further alleges that the judgment entered upon stipulation was void; that the payment of the judgment was illegal, as the county treasurer had no authority to pay the same from the funds of Creek county. The petition further alleges that a demand signed by more than ten taxpayers, residents of Creek county, requesting and demanding the county commissioners to recover the money paid the

Texas Company, was presented, but said request was denied by the county commissioners. The action is instituted under the provisions of sections 8590 and 8591, C. O. S. 1921, and double the amount alleged to have been illegally paid by Creek county is sought by plaintiff. The Texas Company, a nonresident defendant, upon petition and bond therefor, removed the cause to this court. Plaintiff has filed her motion to remand the cause to the District Court of Creek county.

Plaintiff urges that a joint judgment is sought against the nonresident defendant, as well as the resident defendants, and that no separable controversy exists as to the nonresident defendant. The removing defendant argues that the Oklahoma statute, providing for the recovery sought by plaintiff, creates joint and several liability. It urges that plaintiff's petition discloses that a several judgment is sought because the prayer recites that it seeks judgment against the defendants, and each of them. It further urges that a separable controversy exists by reason of plaintiff's attack upon the judgment obtained by the Texas Company against the county treasurer and county commissioners of Creek county, by virtue of which it received the payment from Creek county. Removal of the cause is also urged upon the ground that the suit is one arising under the laws of the United States, and it is insisted that plaintiff's pleadings disclose that the litigation arises out of and involves a contention upon the part of the defendant, the Texas Company, that the taxes assessed against it and for the recovery of which its former suit was brought and judgment rendered, were illegal and void because a burden upon a federal instrumentality; that the lands upon which the property was located were restricted Indian lands and the leases, at the time of the assessments, were subject to the supervision of the Secretary of the Interior of the United States, and that a decision of the case will involve a construing and giving effect to certain Congressional Acts relative to restricted Indians and their lands.

■ The prayer of plaintiff's petition does not determine the relief to which she may be entitled, nor the measure of relief to be applied. Superior Oil Corporation v. Matlock (C. C. A.) 47 F.(2d) 993; Owens v. Purdy, 90 Okl. 257, 217 P. 425; Myler v. Fidelity Mutual Life Insurance Company, 64 Okl. 293, 167 P. 601. Defendants' contention that the prayer discloses the action to be several rather than joint is without merit as the prayer constitutes no part of the petition and does not determine the relief to which plaintiff

may be entitled nor the measure thereof. In the instant case, plaintiff's cause of action could have been several as well as joint, and the existence of a separable controversy depends upon the joint or several character given the suit by plaintiff's petition. In the suit, plaintiff has elected to sue jointly on such joint and several liability, and has eliminated a separable controversy. It has been determined that a controversy is not separable because the plaintiff could, if she so chose, have prosecuted her cause of action against the Texas Company without the joinder of the other defendants. German-American Mercantile Bank v. Gas Service Corporation of America (D. C.) 228 F. 827; Baillie v. Backus (D. C.) 230 F. 711. The reason therefor is that a controversy in the suit is the one which is actually presented by plaintiff's petition, and not the one which plaintiff could have instituted. Pirie v. Tvedt, 115 U. S. 41, 5 S. Ct. 1034, 1161, 29 L. Ed. 331. A defendant has no right to say that the instant action shall be several, which the plaintiff has made joint by her petition. Chesapeake & O. R. Co. v. Dixon, 179 U. S. 131, 21 S. Ct. 67, 45 L. Ed. 121. Plaintiff's petition clearly proceeds upon a joint theory, and no separable controversy against the defendant, the Texas Company, is presented by the petition. The fact that the removing defendant may file a separate answer or make a defense different from the answers and defenses of the other defendants, does not create a separable controversy so as to entitle the Texas Company to a removal of the cause. Alabama Great Southern Railway Company v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Chesapeake & O. R. Co. v. Dixon, supra; Rosenthal v. Coates, 148 U. S. 142, 13 S. Ct. 576, 37 L. Ed. 399. The Texas Company cannot, by denying any joint interest or liability with the other defendants, segregate itself from its codefendants and create a separable controversy for the removal of the case. Little v. Giles, 118 U. S. 596, 7 S. Ct. 32, 30 L. Ed. 269. Such answers and defenses may present different questions for determination, and may defeat a joint recovery, but that cannot deprive the plaintiff of her right to prosecute her suit to final determination as a joint action. The fact that an attack is made upon the judgment rendered in the state court does not create a separable controversy, but merely constitutes a defense which the nonresident defendant will present as a defense to plaintiff's right of recovery; it may be entirely different from the defenses of the resident defendants, but it does not create a sep-

arable controversy and entitle the Texas Company to a removal of the cause.

The remaining question for decision is whether or not the present suit is one arising under the laws of the United States, and removable under section 28 of the Judicial Code (28 USCA § 71). In my opinion, plaintiff's action is based entirely upon the statutes of Oklahoma providing for the recovery of double the amount of money paid by officials of Creek county to the defendant, the Texas Company. It seeks the recovery of a penalty provided under the Oklahoma statutes and the right of recovery is predicated upon an alleged unlawful payment by the county treasurer of Creek county. The facts surrounding the payment to the Texas Company are set forth in the petition, and disclose the defenses which will probably be urged to the action. The suit is not predicated upon any Act of Congress, or any of the laws of the United States. The fact that the defense to the plaintiff's action may be based upon rights arising under the Constitution or laws of the United States, does not make it removable. In order to be removable, plaintiff's petition must show that the cause of action, as distinguished from the defense thereto, is based upon a right under the Constitution or laws of the United States. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 S. Ct. 654, 38 L. Ed. 511; Third Street & Suburban Railway Co. v. Lewis, 173 U. S. 457, 19 S. Ct. 451, 43 L. Ed. 766; Arkansas v. Kansas & Texas Coal Co., 183 U. S. 185, 22 S. Ct. 47, 46 L. Ed. 144; Shulthis v. McDougal, 225 U. S. 561, 32 S. Ct. 704, 56 L. Ed. 1205; American Well Works Co. v. Layne & Bowler Co., 241 U. S. 257, 36 S. Ct. 585, 60 L. Ed. 987. The federal statutes contemplate that a suit shall be brought in or removed to the federal court only when it is based upon a law of the United States, and that where a federal question is involved only by way of defense to a cause of action arising under a state law, whether pleaded by the defendant or arising as a matter of law upon the statement of the plaintiff's case, that question must be passed upon in the first instance by the state courts. Thompson v. Standard Oil Company of New Jersey (C. C. A.) 67 F.(2d) 644.

I therefore conclude that plaintiff's petition seeks a joint recovery upon a joint and several cause of action, and is based upon the laws of the state of Oklahoma; that plaintiff has given the joint and several cause of action a joint character and no separable controversy exists in favor of the nonresident defendant; that the defense to the action

may involve congressional act or laws of the United States, but this alone does not justify a removal of the cause, the action seeking the recovery of a money judgment against all of the defendants.

The motion to remand is therefore sustained.