## MURPHY v. PUGET SOUND MORTG. CO. et al.

### No. 21195.

District Court, W. D. Washington, N. D.

June 5, 1939.

Nina D. Murphy, plaintiff pro se.

Byers, Westberg & James, Allen, Froude & Hilen, and Roy D. Robinson, all of Seattle, Wash., for defendants (respondents).

CUSHMAN, District Judge.

No doubt, owing to the fact that the plaintiff has acted as her own attorney, the Amended Complaint is wanting in clarity and precision, but whether the Court considers alone the sufficiency of plaintiff's pleading entitled "Amended Complaint" or considers as part of plaintiff's Amended Complaint, the accompanying 3 pages entitled "History", six pages entitled "Statement of Facts" and 3 pages entitled "Statement of Facts Attacking Legality of Service of Summons", the conclusion upon the present motion would be the same.

An extended statement of plaintiff's allegations will not be undertaken.

The Complaint is that a levy (presumably followed by an execution sale) was made upon community property of plaintiff and her husband, based upon a judgment of the Superior Court of the State upon the separate (not community) debt of her husband, which judgment was void as to her and that defendants thereby deprived her of certain described real property without due process of law.

While all of the defendants are not accused of the wrongful acts enumerated, the Amended Complaint contains allegations of fraud, collusion and use of perjured testimony and the unauthorized appearance for her by attorney in a suit in said court in which no summons had been served upon her. The prayer of the Amended Complaint is:

"Wherefore appellant prays judgment against the respondents and each of them as follows:

"(1) That the court adjudicate all the rights of the above named appellant in and to said real property above described;

"(2) That appellant do have and recover of and from the respondents and each of them damages in such amount as to this court shall seem right and equitable;

"(3) That appellant do have and recover judgment against the respondents and each of them for her costs and disbursements herein expended."

Defendants "respondents" demur to the Complaint (argued and submitted as a demurrer to the Amended Complaint) upon the following grounds:

"I. That the court has no jurisdiction of the persons of the defendants or of the subject matter of the action.

"II. That the plaintiff has no legal capacity to sue.

"III. That there is a defect of parties, plaintiff or defendant.

"IV. That several causes of action have been improperly united.

"V. That the complaint does not state facts sufficient to constitute a cause of action.

"VI. That the action has not been commenced within the time limited by law."

On account of the conclusion reached, the jurisdiction of the court over the subject matter of the suit alone will be considered.

It is alleged in the Amended Complaint: "II. That two certain judgments have been rendered against the said Joseph A. Murphy and the above named appellant in favor of the above named respondent Puget Sound Mortgage Company, a corporation, by the Superior Court of the State of Washington in and for the County of King, being Numbers 240523 and 263482, respectively, as cases are numbered in the said Superior Court and this appellant hereby refers to said records and makes them a part of this complaint."

While the judgments to which reference is here made are public records of which, in certain respects, knowledge is presumed, such is not the case upon the question now presented.

 The facts on which jurisdiction rests must in some form appear in the record of all suits prosecuted before a Federal court. Kempe v. Kennedy, 5 Cranch 173, 3 L.Ed. 70; Sullivan v. Fulton Steamboat Company, 6 Wheat. 450, 451, 5 L.Ed. 302; McCormick et ux. v. Sullivant, 10 Wheat. 192, 6 L.Ed. 300; Dred Scott v. Sandford, 19 How. 393-402, 15 L.Ed. 691; Ex Parte Smith, 94 U.S. 455, 456, 24 L.Ed. 165; McPherson Bros. Co. v. Okanogan-Douglas Inter-County Bridge Co., 9 Cir., 24 F. 2d 798, certiorari denied, 278 U.S. 571, 49 S.Ct. 93, 73 L.Ed. 512, Id., 278 U.S. 624, 49 S.Ct. 26, 73 L.Ed. 544.

 A suit concerning such deprivation, as herein described, of property without due process of law is one arising under Sec. 41 (1) rather than under Sec. 41 (14), Title 28, U.S.C., 28 U.S.C.A. § 41 (1) and (14), and whether such suit be one between citizens of different states or one arising solely under the Constitution of the United States, the amount in controversy, exclusive of interest and costs, must exceed $3,000, to give a federal court jurisdiction. Such not being alleged the Court is without jurisdiction of the subject matter of the suit.

 The demurrer, considered as a motion to dismiss, Federal Rules of Civil Procedure, 7(c) and 12(b) and (h), 28 U.S. C.A. following section 723c, will be, for such reason, granted.

Any order or orders based upon the foregoing decision will be settled upon notice.

The Clerk is directed to notify the plaintiff and attorneys for "respondents" of the filing of this decision.