SOUTH CAROLINA STATE PORTS AU-
THORITY, a body corporate and
politic, Plaintiff,

v.

LOCAL 1422 OF the INTERNATIONAL
LONGSHOREMEN'S UNION, AFL-
CIO, its officers, members and em-
ployees, and George German, individu-
ally and as President of Local 1422 of
the International Longshoremen's Un-
ion, AFL-CIO, Bruce Bennett, Louis
Johnson, Willie Davis, L. Baxley and
Zacharias Failey, Defendants.

Civ. A. No. 7367.

United States District Court
E. D. South Carolina,
Charleston Division.

Feb. 13, 1961.

Figg, Gibbs & Grimball, Charleston,
S. C., for plaintiff.

Morrison & Morrison, Charleston, S.
C., for defendants.

Before HAYNSWORTH, Circuit
Judge, and WYCHE and WILLIAMS,
District Judges.

PER CURIAM.

This action was commenced by the
South Carolina State Ports Authority in
the Court of Common Pleas for Charles-
ton County, South Carolina, and was re-

moved by the defendants to this court. A motion to remand has been heard. We think it should be granted.

The complaint alleges that the defendants who do not represent the employees of the plaintiff placed pickets at certain of the plaintiff's buildings and facilities, with resulting disruption of the plaintiff's operations. It sought an injunction against the maintenance of the picketing. A temporary restraining order was granted by the State Court.

■ It is apparent that the complaint states a cause of action, arising under State law, for conspiracy to interfere with the operations of the plaintiff. The asserted cause of action is in no sense dependent upon the laws of the United States and does not arise out of any such law. The complaint does contain an allegation that the plaintiff is a subdivision of the State of South Carolina, and, as such, is specifically exempt from the National Labor Relations Act, as amended,[1] but this is merely an anticipation of the defendants' defensive position that the plaintiff is not a subdivision of the State, within the meaning of the National Labor Relations Act, is subject to the substantive provisions of that Act, and that exclusive jurisdiction of the controversy is vested by that Act in the National Labor Relations Board. It is well settled that such anticipatory matter in the complaint does not furnish a basis for Federal jurisdiction, and it cannot justify removal of the action from the State Court. Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70; Third Street and Suburban Railway Co. v. Lewis, 173 U.S. 457, 19 S.Ct. 451, 43 L.Ed. 766.

■ After removal of the case to this Court, the defendants filed an answer and counterclaim, later amended, in which they asked for affirmative relief, including an injunction and pecuniary damages for interference with their asserted rights. Because the defendants asked in their counterclaim for an injunction against enforcement of the State statute which authorizes the plaintiff to perform its functions and operations, a special three-judge court was convened under the provisions of 28 U.S.C.A. § 2281 et seq. The defendants do not contend, however, that reference to the counterclaim may be had in aid of the removal of the case from the State Court. The authorities conclusively foreclose such a contention, and in considering this motion to remand, we consider only whether or not the complaint states a cause of action arising under the laws of the United States. Since it does not, the motion to remand must be granted.

■■ The allegations of the counterclaim are largely defensive. To the extent it asks for affirmative relief because of injury flowing from the State Court injunction, it should be heard in the State Court and not allowed as a collateral attack in this court upon the State Court's injunction. To the extent that it asks relief because of the plaintiff's performance through its own employees of work of the nature done by private shipping companies through employees represented by the defendant unions, it alleges no breach of contract or tortious act and fails to state a claim upon which relief can be granted in this court.

We conclude that the case was improvidently removed from the State Court. The motion to remand will be granted.

Remanded.

1. 29 U.S.C.A. § 151 et seq.